THOMAS ROGERS FOR HIMSELF AND AS NEXT FRIEND OF OTHERS, Appellant, v. ALICE D. McFARLAND et al., Appellees.

Homestead: TRUSTS: EVIDENCE. Where, upon a sale of a homestead, purchased by a husband with his own money, the wife refused to join in the conveyance thereof unless the deed for property to be purchased with the proceeds of said sale was made to her, and the husband consented to have the deed so made, upon being advised that if the property was to be occupied as a homestead neither he nor his wife could alone dispose of, or incumber the same, and thereafter the wife procured a divorce from her husband, and occupied the property thus conveyed to her with a second husband and her children, held, that the evidence was insufficient to establish a trust as to said property for the benefit of the husband and his children.

*Appeal from Delaware District Court.*—HON. JOHN J. NEY, Judge.

FRIDAY, OCTOBER 13, 1893.

ACTION in equity to have a certain conveyance of real estate decreed to be in trust, and to have the title to such real estate decreed to be vested in certain beneficiaries of the alleged trust. After the evidence had been fully submitted on the part of the plaintiff, the court sustained a motion to dismiss the petition, and rendered judgment in favor of the defendants for costs. The plaintiff appeals.—*Affirmed.*

*Blair, Dunham & Norris,* for appellant.

*Bronson & Carr,* for appellees.

ROBINSON, C. J.—The plaintiff is the father, and the defendant Alice D. McFarland is the mother of Eva S., Emory J., Etta M., and Ethel P., Rogers, all of whom are minors, the eldest being about fourteen years of age. For many years prior to 1888 the parents lived together as husband and wife. About the year 1880 the plaintiff purchased about eighty acres of land in Delaware county, and thereafter occupied it with his wife and children as a homestead, until March, 1886. He then sold it for the sum of $2,000, and with a part of the proceeds purchased two thirty acre tracts in the same county, one of which was improved and occupied by the plaintiff and his family as a homestead. The title to these two tracts was taken in the name of the wife. In August, 1887, the wife left the plaintiff, and in the first part of the next year obtained a divorce from him. She undertook to care for and support their children, and they have made their home with her since the divorce was granted. After a while she married her codefendant, James McFarland, and now lives with

him upon the thirty acre tract of land purchased in the year 1886, and then occupied as a homestead. The plaintiff claims in his petition that the deed for the two thirty acre tracts was drawn to his wife as grantee without his knowledge or consent; that it was his desire that the deed should be executed to him; that being surprised and importunately pressed by his wife and others interested for her, and not being fully aware of the consequences of his act, after many objections he allowed her name to remain in the deed as grantee, with the understanding on his part, acquiesced in by her, that she was to hold the title in trust for him and their children, and that it was to be occupied by them as a homestead; that she procured the deed to be made to herself through fraud, by misrepresenting to him the purpose for which she would hold the title; that his mind was enfeebled by illness, and he was not fully aware of the consequences of his act, which fact she knew, and of which she took an unconscionable advantage; that, after obtaining the title, as stated, she commenced a system of abuse to him, and made their married life miserable, with intent to bring about a separation and obtain a divorce; that the defendant James McFarland, with his three children, has moved into the homestead acquired in 1886, and is occupying it, to the injury and disadvantage of the children of the plaintiff; that he is informed that the defendants contemplate a sale of the land, and he fears that, unless Mrs. McFarland is divested of her trust, the land will be sold, and the children of the plaintiff will be deprived of their home. He brings this action in his own right, and as the next friend of his children, and asks that the conveyance made to his wife in 1886 be decreed to be in trust for the benefit of himself and his children; that she be divested of the trust; and that the title to the premises be decreed to be in his children. He also asks that the defendants be enjoined from selling the

premises. The defendants deny that the title held by Mrs. McFarland was obtained by fraud or in trust, and aver that when the plaintiff proposed, in 1886, to sell their farm and buy the land in question, she refused to consent to the sale, or to join in a deed, unless a part of the proceeds of the sale should be used in the purchase of other land, which should belong to her when purchased; and that the conveyance to her was made pursuant to an agreement between herself and the plaintiff to that effect.

It appears that when the sale of the farm owned by the plaintiff was made, in 1886, his wife refused to sign the deed unless the deed to the property in question was made to her. The plaintiff objected to having it so made, and the conveyancer who drew the deed was asked as to the effect of the deed, and, upon being told that the premises it conveyed were to be used as a homestead, stated to the plaintiff that neither he nor his wife could alone dispose of or incumber the place, and the plaintiff then consented to the conveyance to his wife. He paid for the first homestead, his wife contributing nothing to it, and it may be that he expected, when the land in question was purchased, to be permitted to occupy it, with his children, as a home, so long as he should desire to do so, but the evidence fails to show any express understanding to that effect. Although the legal title to the first homestead was vested in the husband, yet it could not have been conveyed or incumbered without the consent of the wife. Code, section 1990. She had a vested right in it, which she was entitled to protect by suitable measures. See *Byers v. Johnston, ante,* p. 278; *Boling v. Clark,* 83 Iowa, 481; *McClure v. Braniff,* 75 Iowa, 43. What her reasons were for refusing to join in a conveyance of that homestead unless the title to the land to be purchased was vested in her is not shown. It may be she foresaw a separation from her husband, and that

the support of her children would devolve upon her. But her motives are immaterial. She had a legal right to refuse to release her interest in the first homestead unless the plaintiff should comply with her demands. It is not shown that she resorted to fraud, nor that she misrepresented any fact, to accomplish her purpose. It is not shown that her separation from the plaintiff was the result of her fault. On the contrary, as she obtained the divorce, the legal presumption is that the separation was caused by wrong on his part. He has not shown that he consented to the conveyance to his wife in consequence of any feebleness of mind or misunderstanding as to the result of his act. He has failed to show that his children have been deprived of any rights, or that they are in danger of being deprived of a home and support. An express trust can not be established by parol evidence (Code, section 1934; *Brown v. Barngrover*, 82 Iowa, 208; *Andrew v. Concannon*, 76 Iowa, 253); and parol evidence to establish a resulting trust must be clear and satisfactory. *Murphy v. Hanscome*, 76 Iowa, 194; *Richardson v. Haney*, 76 Iowa, 103. The evidence in this case fails to establish a trust of any kind, or to show that the plaintiff, for himself or as next friend of his children, is entitled to any relief. Since the effect of what was done by the district court was to deny him relief, its judgment is AFFIRMED.