EDITH M. AHRENS, by ANNIE H. AHRENS, her Guardian ad
Litem., Appellant, v. CLARA M. JONES, Respondent.

EQUITY — CONVEYANCE IN CONSIDERATION OF GRANTEE'S PROMISE TO
PAY SPECIFIED SUM TO THIRD PARTY — WHEN GRANTEE A TRUSTEE EX
MALEFICIO.   Where a grantor in contemplation of death and for the pur-
pose of making an equitable disposition of his property between those
entitled to it, has conveyed it to his wife, who had no other property,
upon her express promise, which was a part of the consideration of the
conveyance, that she would pay a specified sum to his grandchild, while
no express trust is created by the deed or her promise, upon her refusal to
pay, equity will declare the grantee a trustee ex male ficio for the protection
of the intended beneficiary, the trust not affecting the deed but acting
upon the gift as it reaches the possession of the grantee, and will compel
payment out of the property conveyed.

Ahrens v. Jones, 40 App. Div. 447, reversed.

(Submitted January 20, 1902; decided January 31, 1902.)

APPEAL from a final judgment, entered July 5, 1899, in favor of defendant, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed an interlocutory judgment sustaining a demurrer to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James C. de La Mare* for appellant. This demurrer can be sustained only if it appears that after admitting all the facts alleged or that can by reasonable and fair intendment be implied, the complaint fails to state a cause of action. (*Coatsworth* v. *L. V. R. R. Co.*, 156 N. Y. 451; *Atkins* v. *Judson*, 33 App. Div. 44.) It is well settled that the vendor of real estate has a lien for the unpaid purchase money. If any portion of the purchase money remains unpaid the same becomes *eo instanti* and by operation of law a lien upon the land. (*McWhorter* v. *Stewart*, 39 App. Div. 212; *Garson* v. *Green*, 1 Johns. Ch. 308; *Warren* v. *Fenn*, 28 Barb. 333; *B. S. Bank* v. *B. T. Co.*, 85 Hun, 75; *Seymour* v. *McKinstry*, 106 N. Y. 231; *Maroney* v. *Boyle*, 141 N. Y. 462; 1 Beach Mod. Eq. Juris. §§ 295, 307; *Bradley* v. *Bosley*, 1 Barb. Ch. 125; *Jones* v. *Perkins*, 59 Tex. 300; 2 Story's Eq. Juris. [11th ed.] §§ 1218, 1219, 1220; *Perry* v. *Board of Missions*, 102 N. Y. 99–104; *C. B. W. Co.* v. *Crocker*, 4 Fed. Rep. 577; 6 Sawy. 574.) The lien exists in favor of a third person to whom the vendee, by agreement with the vendor, has agreed to pay a portion of the purchase money. (*McWhorter* v. *Stewart*, 39 App. Div. 212; 2 Story's Eq. Juris. [11th ed.] § 1227; 28 Am. & Eng. Ency. of Law [1st ed.], 169; 2 Jones on Liens, § 1094; 1 Beach Mod. Eq. Juris. §§ 302, 309; *Carver* v. *Eads*, 65 Ala. 190; *Woodall* v. *Kelly*, 85 Ala. 368; *Francis* v. *Wells*, 2 Col. 660; *Nichols* v. *Glover*, 41 Ind. 24; *Tysen* v. *W. R. R. Co.*, 15 Fed. Rep. 763; *Gault* v. *Trumbo*, 56 Ky. 682; *Mize* v. *Barnes*, 78 Ky. 506; *D'Lisle* v. *Moss*,

34 La. Ann. 164; *Hamilton v. Gilbert,* 2 Heisk. [Tenn.] 680; *Thompson v. Thompson,* 3 Lea [Tenn.], 126.) The acceptance by defendant of the deed of the premises upon the condition set forth created an implied trust in favor of the children, which equity will impress upon the property and enforce in that manner. (*Matter of O'Hara,* 95 N. Y. 403; *Goldsmith v. Goldsmith,* 145 N. Y. 313; *Wood v. Rabe,* 96 N. Y. 414; *Wheeler v. Reynolds,* 66 N. Y. 228; *McCahill v. McCahill,* 11 Misc. Rep. 258; *Colton v. Colton,* 127 U. S. 300; *Moyer v. Moyer,* 21 Hun, 67; Beach Mod. Eq. Juris. § 215.) It is immaterial whether plaintiff has any remedy at law or not. (Beach Mod. Eq. Juris. 4, § 65; 27 Am. & Eng. Ency. of Law, 274.) The complaint is not demurrable, because plaintiff may not have demanded the precise relief to which she is entitled. (*Whitmore v. Porter,* 92 N. Y. 76; *Chatfield v. Simonson,* 92 N. Y. 209; *Coatsworth v. L. V. R. R. Co.,* 156 N. Y. 451; *Parker v. Pullman,* 36 App. Div. 209; *Middleton v. Ames,* 37 App. Div. 510; *Bergman v. Salmon,* 79 Hun, 456; *Sage v. Culver,* 147 N. Y. 241.)

*John R. Halsey* for respondent. The agreement set out in the complaint is not enforceable. (*Townsend v. Rackham,* 143 N. Y. 516; *Edwards v. Davis,* 16 Johns. 281; *Coleman v. Hiler,* 85 Hun, 547; *Buchanan v. Tilden,* 5 App. Div. 354; *Todd v. Weber,* 95 N. Y. 181; *McWhorter v. Stewart,* 39 App. Div. 212; *Buchanan v. Tilden,* 158 N. Y. 109; *Gates v. Hames,* 28 N. Y. S. R. 313.) There is no implied trust in favor of the plaintiff arising from the facts alleged. (*Townsend v. Rackham,* 143 N. Y. 516.) Plaintiff cannot enforce her invalid claim under the guise of a claim to a vendor's lien. (*Maroney v. Boyle,* 141 N. Y. 462; *White v. Williams,* 1 Paige, 502; *Smith v. Smith,* 9 Abb. Pr. [N. S.] 420; *Hallock v. Smith,* 3 Barb. 272; *Binghamton Savings Bank v. Binghamton Trust Co.,* 85 Hun, 75; *McWhorter v. Stewart,* 39 App. Div. 312; *Borst v. Corey,* 15 N. Y. 511; 2 Jones on Liens, § 1099; 1 Beach Mod. Eq. Juris. § 317.)

HAIGHT, J. This action was brought to declare and enforce a lien upon real estate. The material facts alleged in the complaint are that one Harry Jones, late of the city of New York, on the 25th day of February, 1897, being sick and not expecting to live and being desirous of disposing of his property before he died, conveyed certain premises, specifically described, to his two daughters, and also conveyed certain other premises, also specifically described, to the defendant Clara M. Jones, his wife; that at the time of the execution and delivery of the deed to his wife it was expressly understood and agreed between them that, as a part of the consideration of the same and as a condition upon which the same was executed, the said Clara M. Jones should pay to the plaintiff and to one Price, the grandchildren of said Harry Jones, each the sum of one thousand dollars, which several sums the defendant promised and agreed to pay to each of such grandchildren; that on the 27th day of May, 1897, Harry Jones died, leaving him surviving his widow, the defendant, two children, Anna H. Ahrens and Rosetta Wiley and two grandchildren, Harry S. Price and the plaintiff, both under age; that he owned no other real estate, and the execution and delivery of the deeds above set forth were intended by him and so understood and agreed by the defendant to be an equitable disposition of his property between his widow, his children and grandchildren, and that the property conveyed to the defendant was of much greater value than the property conveyed to his two children, and that his widow has no other property; that since his death demand has been made upon the defendant to pay or secure to the plaintiff the sum of one thousand dollars but that the defendant has refused and neglected to pay or secure the same, and claims that she is under no obligation to fulfill her promise. Judgment is demanded that the sum of one thousand dollars be declared a lien upon the premises conveyed to the defendant, and that the premises be sold by and under the direction of the court, and out of the proceeds the plaintiff be paid the amount due and owing to her.

It is contended on behalf of the respondent (1) that the

grandfather of the plaintiff owed her no duty, was under no obligation to support her, and that none of the consideration for the deed proceeded from her; that there was no privity of contract between her and the defendant, and that the promise of the defendant does not bring her within the scope of the decision in *Lawrence* v. *Fox* (20 N. Y. 268); (2) that there is no trust, express or implied, alleged in favor of the plaintiff, and (3) that the right to a lien for a part of the purchase price is personal to the vendor.

The complaint has been somewhat carelessly prepared, but upon demurrer all of the facts alleged, or that by reasonable and fair intendment may be implied, are deemed admitted, and it remains to be determined whether the plaintiff has any cause of action under the facts so alleged. (*Coatsworth* v. *Lehigh Valley R. R. Co.,* 156 N. Y. 451.)

The complaint, as we have seen, alleges that on the 25th day of February, 1897, the grantor, being sick and not expecting to live long, and being desirous of disposing of his property before he died, executed the conveyance to the defendant; that upon the delivery of the deed to her it was intended by him, and so understood and agreed by the defendant, to be an equitable disposition of his property between his widow, his two children and his two grandchildren. It is, therefore, apparent that the deed was executed in contemplation of death, for the purpose of effecting a distribution of his property between the persons he deemed to be the proper objects of his bounty. The execution and delivery of the deed, under such circumstances, is analogous to a devise made by will and is largely controlled by the rules of law applicable thereto.

If the contention of the defendant is sound, the plaintiff has no remedy, either at law or in equity. What then is the situation in which the defendant places herself? Her husband was sick and expecting to die; he was desirous of disposing of his property among the members of his family. She, in order to induce him to give her a deed of the premises in question and as part of the consideration therefor, agreed with him to deliver to his two granddaughters one thousand

dollars each. As soon as he died she refused to carry out her promise, and now insists that she is not liable thereon. She thus obtains the property, and refuses to perform her agreement. This is an attempt to perpetrate a fraud not only upon her husband, who was induced to make the gift to her by reason of her promise, but also upon the plaintiff, who presumably would have been otherwise provided for by her grandfather had it not been for the defendant's promise. It is true there is no express trust created by the deed, or by the promise made by the defendant, but, notwithstanding this, a court of equity is not bereft of power to act, for it may interpose to prevent a wrong, and for that purpose it may declare the grantee a trustee *ex maleficio* for the protection of the grantor's intended beneficiaries. Such a trust does not affect the deed, but acts upon the gift, as it reaches the possession of the grantee, and the foundation for the trust is that equity will then interfere and raise a trust in favor of the persons intended to be benefited in order to prevent a fraud.

In *Matter of O'Hara* (95 N. Y. 403) the testatrix gave to her lawyer, her doctor and her priest absolutely the bulk of her estate, practically disinheriting her relatives. It appeared, however, that the devise and bequest in its absolute and unconditional form was made upon a promise of the legatees and devisees to apply the property to charitable uses, in accordance with a letter of instructions which she had prepared. FINCH, J., in speaking for the court, says: "If, therefore, in her letter of instructions, the testatrix had named some certain and definite beneficiary, capable of taking the provision intended, the law would fasten upon the legatee a trust for such beneficiary and enforce it, if needed, on the ground of fraud. Equity acts in such case not because of a trust declared by the testator, but because of the fraud on the legatee. For him not to carry out the promise by which alone he procured the devise and bequest, is to perpetrate a fraud upon the devisor which equity will not endure." Again, he says: "If, on the ground of fraud, equity as it has often done, and will always do, fastens a trust *ex maleficio* upon the

fraudulent legatee or devisee for the protection of a named and definite beneficiary, no reason can be given why it should not do the same thing when the fraud attempted assumes a more serious character, because aimed at an evasion of the law, and seeking the shelter of unauthorized purposes."

In the recent case of *Amherst College* v. *Ritch* (151 N. Y. 282, 323) we had under consideration the will of Daniel B. Fayerweather, in which this question again received careful consideration. VANN, J., in delivering the opinion of the court, says: "If the testator is induced either to make a will, or not to change one after it is made, by a promise, express or implied, on the part of a legatee that he will devote his legacy to a certain lawful purpose, a secret trust is created and equity will compel him to apply property thus obtained in accordance with his promise. \* \* \* The trust springs from the intention of the testator and the promise of the legatee. The same rule applies to heirs and next of kin who induce their ancestor or relative not to make a will by promising, in case his property falls to them through intestacy, to dispose of it, or a part of it, in the manner indicated by him. ( *Williams* v. *Fitch*, 18 N. Y. 546; *Grant* v. *Bradstreet*, 87 Me. 583; *Gilpatrick* v. *Glidden*, 81 Me. 137.) The rule is founded on the principle that the legacy would not have been given, or intestacy allowed to ensue, unless the promise had been made, and, hence, the person promising is bound in equity to keep it, as to violate it would be fraud. \* \* \* The trust does not act directly upon the will by modifying the gift, for the law requires wills to be wholly in writing, but it acts upon the gift itself as it reaches the possession of the legatee, or as soon as he is entitled to receive it. The theory is that the will has full effect by passing an absolute legacy to the legatee, and that then equity, in order to defeat fraud, raises a trust in favor of those intended to be benefited by the testator, and compels the legatee, as a trustee *ex maleficio*, to turn over the gift to them. The law, not the will, fastens the trust upon the fund by requiring the legatee to act in accordance with the instructions of the testa-

tor and his own promise." (See, also, *O'Hara* v. *Dudley*, 95 N. Y. 403 ; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313 ; *Wood* v. *Rabe*, 96 N. Y. 414, 425 ; *Moyer* v. *Moyer*, 21 Hun, 67 ; *Wheeler* v. *Reynolds*, 66 N. Y. 227 ; *Brown* v. *Lynch*, 1 Paige, 147 ; *Dowd* v. *Tucker*, 41 Conn. 197 ; *De Laurencel* v. *De Boom*, 48 Cal. 581 ; *Browne* v. *Browne*, 1 H. & J. 430 ; *Church* v. *Ruland*, 64 Pa. St. 442 ; *Towles* v: *Burton*, 24 Am. Dec. 409 ; *McLellan* v. *McLean*, 2 Head, 684 ; *Russell* v. *Jackson*, 10 Hare, 204 ; *Thynn* v. *Thynn*, 1 Vern. 296 ; *Reech* v. *Kennegal*, 1 Ves. Sr. 124 ; *Wallgrave* v. *Tebbs*, 2 K. & J. 321 ; *McCormick* v. *Grogan*, L. R. [4 Eng. & Ir. App.] 82 ; *Fairchild* v. *Edson*, 154 N. Y. 199, 219.)

The claim is now made that no trust was created, for the reason that the defendant agreed to pay the plaintiff a certain sum of money and not to turn over to her any portion of the property described in the deed. The agreement, as we have seen, was to pay to the plaintiff the sum of one thousand dollars, and this promise was made to induce the grantor to deed the premises to the defendant. The grantor was dividing up his property, in contemplation of death, among his wife and children. The premises deeded to the defendant he evidently considered to be more than her just proportion of his estate, and he, therefore, exacted a promise from her to contribute out of such property the amount that he desired to give to his grandchildren. He invested her with the whole title, so that she had the power to mortgage, lease or sell. She had no other property. This is specifically alleged. It must, therefore, have been intended that the payment should be made out of the property the same as in the *Amherst College Case* (*supra*). In that case the estate of the testator had to be converted into money in order to make a distribution among the beneficiaries intended.

The judgment should be reversed and the demurrer overruled, with costs in all the courts, with leave to the defendant to withdraw demurrer and to answer within twenty days upon payment of the costs of the demurrer and of the appeals.

PARKER, Ch. J., BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.