MALINDA J. WILLIS *et al.*, Appellants, v. W. R. ROBERTSON, *et al.*, Appellees, MARY J. ROBERTSON, Intervener, Appellant.

**Deeds:** CONSTRUCTION AS TRUST.    Where a deed recites a consideration and purports to be an absolute conveyance, neither the grantor's heirs nor his widow can establish a trust in the grantee by parol evidence or by showing a want of consideration.

**Evidence:** REQUIRED TO PROVE A TRUST.    The legal title to real estate canot be devested and a trust esstablished except upon evidence which is clear, distinct, satisfactory and direct.

**Rights of Widow:** DISTRIBUTIVE SHARE; FRAUD.    Where the wife joins her husband in the conveyance of land to a son by an absolute deed and receives an actual consideration which she retains, she cannot, on the death of her husband, have the deed set aside and claim a distributive share in the land so conveyed on the ground that the deed was made to defraud her of her rights in the estate, or that the consideration which she received from her son was in fact the property of her husband.

**Conveyance to Son:** WHEN BINDING: DOWER: FRAUD.    Where a grantor conveys land to his son for the purpose of devesting it of any dower right of his wife and to save the same for his grandchildren by a former wife, no fraud is shown unless intended as a fraud on the wife, and when she joins in the conveyance for a valuable consideration, which she retains, she cannot complain; but if fraud were established the conveyance would be valid as against the grantor, his heir and representatives, except the wife.

Creation of a Trust by Parol: PROMISE OF GRANTEE. The promise of a grantee in a deed, absolute on its face, to hold the property for the benefit of grantor's heirs, cannot be shown by parol; nor will his subsequent refusal to fulfill the promise constitute a fraud converting the deed into a trust, where the execution and delivery of the same was not induced by the wrongful act or promise of the grantee.

Establishment of Trust: BURDEN OF PROOF. The fact that a son who is grantee in a deed from his father was at the time acting as his father's agent in other matters, does not charge him with the duty of showing that the deed, absolute on its face, was not an instrument of trust as contended by plaintiff.

*Appeal from Hardin District Court.*—HON. W. S. KENYON, Judge.

SATURDAY, OCTOBER 17, 1903.

PLAINTIFFS, as successors in interest and devisees under the will of Anthony Robertson, deceased, brought this action to have a conveyance of land made by said Anthony Robertson and wife to defendant W. R. Robertson declared to be a trust, and that they be adjudged to be the owners of the undivided two-thirds of said real estate. Defendants admitted the conveyance, but denied its alleged trust character. Mary J. Robertson, the widow of Anthony, intervened, and in her petition alleged the execution of the deed to the defendant W. R. Robertson, but averred that it was obtained through fraud, and without any consideration passing to her or to her husband, and she asked that the deed be canceled, and she be given her distributive share in the property. Defendant W. R. Robertson denied the alleged fraud and want of consideration, and further pleaded that he paid intervener $2,200 to induce her to join in the deed from Anthony Robertson; and various other matters as an estoppel upon her. He also pleaded an estoppel and the statute of limitations as against the claims of plaintiff and the intervener. The plaintiffs and intervener denied the affirmative allegations

made by defendant W. R. Robertson, and on these issues the case was tried to the court, resulting in a decree dismissing plaintiff's and intervener's petitions, and they appeal.—*Affirmed.*

*John Porter* and *W. J. Moir* for appellants Willis and others.

*Huff & Huff* for intervener, appellant.

*Albrook & Lundy* for appellees.

DEEMER, J.—On the 9th day of January, 1889, Anthony Robertson, now deceased, and his wife, Mary, the intervener in this case, joined in a conveyance of the land in controversy to defendant W. R. Robertson. That conveyance was a warranty deed, and recited a consideration of $8,000 in hand paid by the grantee. Anthony Robertson died testate June 18, 1900, and while he did not mention the property in controversy in his will, he attempted to dispose of all his property, real, personal, and mixed. Plaintiffs and three of the defendants are legatees under the will, and, as such, claim the property in controversy, consisting of something over three hundred and fifty acres of land in Hardin county. As defendant W. R. Robertson holds the title to the land under a deed reciting the payment of a consideration, he, of course, must prevail, unless plaintiffs and intervener have established the fraud pleaded by them, or have shown such a trust as the law will recognize.

As the deed recites a consideration in hand paid, neither plaintiffs nor intervener can establish a trust by showing that nothing was in fact paid for the land. This

1. DEEDS: construction as trust. is fundamental, and we need not cite authorities to sustain so elementary a proposition. But see *Acker v. Priest*, 92 Iowa, 617, and cases cited. Moreover, neither plaintiffs nor intervener can defeat the

deed, nor. convert it into an express trust by parol, for this would nullify the statute of frauds. *McClain v. McClain*, 57 Iowa, 167.

. This, of course, is practically conceded by appellants' counsel. Their claim, as we understand it, is that defendant W. R. Robertson obtained title to. the property by

2. EVIDENCE required to prove a trust.

fraud, and that in consequence a trust arose, which may be established by parole. There is no claim of resulting trust, nor could there be, under the facts disclosed by this record. The conveyance was by Anthony Robertson, the owner of the land, and his wife, Mary J., directly to defendant W. R. Robertson, a son of Anthony, and there is no room for the doctrine of resulting trust. Before proceeding to the real point in the case, it may be well to again state a fundamental principle applicable to all such cases. It is this: the legal title to real estate cannot be divested except upon testimony which is clear, distinct, and satisfactory; and this evidence must be such as goes directly to prove the facts necessary to create the trust. *Culp v. Price*, 107 Iowa, 136, and cases cite l. It should also be remembered that this conveyance was to a son of the grantor, and the presumption of advancement in such cases must also be reckoned with.

We shall first take up intervener's claim. She is the widow of Anthony Robertson, and is seeking, not only to set aside the deed, but to have her distributive share

3. RIGHTS of widow: distributive share: fraud.

allotted to her. There is no doubt that she received in notes and money $2,200 for signing the deed to W. R. Robertson. The notes were afterwards paid, and she received, used, and has had the full benefit of the money promised her when the conveyance was made, which she has never tendered back. She claims, however, that the money really came from Anthony Robertson, who was endeavoring to defraud her of her interest in his property. We do not think she is in

position to make such claim. She received the money as coming from W. R. Robertson, and is now seeking, not only to hold this money, but to obtain her full distributive share of the decedent's property as well. Equity will not tolerate any such claim. Anthony may have given this money to his son—indeed, that would be the presumption, even were it shown that the money was in fact furnished by Anthony, which we do not believe—and, if so, it would be presumed to have been an advancement to the son. But, in any event, she cannot retain the money and also have a distributive share allotted to her. If the money belonged to Anthony, it should be returned, in order that it may be administered upon as a part of the estate. Aside from this, it is clearly shown that after the death of Anthony, intervener was paid $600 in full for her first year's support and for her interest in the decedent's estate. These facts dispose of the intervener's appeal.

II. Recurring now to plaintiffs' appeal, and to the only issue which we may consider—and that the claim of constructive trust—we find that the exact contention made

4. CONVEYANCE to son: on whom binding: dower: fraud.

by them is that the deed in question was not for the purpose of transferring the beneficial ownership of the property to W. R. Robertson, but to aid Anthony Robertson in freeing the same from any dower claim or right of his wife, Mary J., with whom he was then having trouble, and to save the property for his grandchildren by a former wife, pursuant to the terms of his will. There is nothing here of a fraudulent character, unless it be an intended fraud upon the wife, who, as we have seen, is in no position to advantage herself of the fraud. Moreover, if there were fraud, Anthony Robertson participated therein, and neither he nor his heirs or devisees may avail themselves thereof. The conveyance was good as to every one save the wife, and, even if it were not, the grantor was so involved in the fraud that a court of equity will not permit him or his

heirs or representatives to take advantage thereof. That he who comes into a court of equity must do so with clean hands is a time-honored maxim, and it is also well settled that no one may take advantage of his own wrong.

The claim that W. R. Robertson was to hold the property for Anthony Robertson's grandchildren cannot be established by parol, for this would be imposing an express trust upon a deed which contains no

5. CREATION of a trust by parol: promise of grantee.

mention of such a thing. Even if it be conceded that defendant W. R. Robertson took the deed with the promise and understanding that he should hold the title for the grandchildren of the grantor his denial of the promise, or his failure to fulfiill the same, would not be such a fraud as would convert the deed into an instrument of trust. *McClain v. McClain*, 57 Iowa, 167. Of course, if it had been shown that Anthony Robertson was induced by false suggestion or immoral concealment to make the deed in question to W. R. Robertson, we should have a different question. A court of equity will always interfere to prevent the obtaining of an estate by fraud, notwithstanding the statute of frauds. Had defendant Robertson induced the making of the conveyance by fraud, or had he promised to execute some instrument, showing the trust character of the conveyance, which he failed to do, this would be a clear case for the intervention of equitable relief. *Gregory v. Bowlsby*, 115 Iowa, 327; *Kennedy's Heirs v. Kennedy's Heirs*, 2 Ala. 571, and cases cited. But there is absolutely no evidence of either. There was no relation of trust or confidence between father and son, or, if there were, there is no evidence that the son was trying to take advantage of the situation. The conveyance was made at the instance of the father, who called the son, who were then living in Kansas, to this state, where the conveyance was made at the suggestion of the grantor. The father was in

no manner deceived or imposed upon by the son. If there were any defaultion the part of the son, it lies in the fact that he has repudiated the alleged parol agreement or trust, and refuses to turn the land over to the devisees under the will of his father. This does not, in itself, constitute a fraud. If it did, the statute of frauds might as well be repealed, for if the denial of an alleged parol trust or the refusal to carry it out constitutes a fraud, there could never be a case where the statute would be able to prove a barrier to the introduction of parol evidence. This is clearly pointed out in *Gregory v. Bowlsby, supra,* and need not be further elaborated.

It appears that in some matters W. R. Robertson acted as the agent of his father, and in view of this fact it is contended that the burden is on him to keep a record of the transactions, so as to fully and completely explain them, and to make a satisfactory accounting. This may be conceded as to all matters wherein defendant acted as agent, but it does not require proof from him to show that the deed was not an instrument of trust. The deed must be accepted as a verity in the first instance, and the burden is on the plaintiff to show that it was obtained through fraud, or that by reason of other matters it was not absolute in character. Doubtless, in so far as it appears that no consideration was paid, the burden is on defendant to show that he has paid the full amount promised; but this is as far as the rule is applicable to such a case as this. The deed, although made to a son, and to a son who was acting as agent for the father in other matters, must be treated as a deed—that is, according to its purport—and notwithstanding the difficulties under which plaintiffs must labor, they have the burden of proof in impeaching it, and this they must do by clear, satisfactory, and convincing evidence.

It is said that W. R. Robertson, who was appointed executor of his father's will, has failed to account for any

6. ESTABLISH-MENT of trust: burden of proof.

considerable property, although it was generally understood that he was worth $20,000 before he died. This is a matter of little importance in this litigation. Other remedies are open to plaintiffs if defendant W. R. Robertson has failed to account for his deceased father's property. There is no attempt in this action to have him account, and the evidence as to other property is of little or no value.

If defendant did not pay the full purchase price for the land, a remedy is open to compel him to make payment, but it is not by action to establish a trust. We have so far treated the case largely from plaintiff's standpoint. It should be said, in fairness to the defendant, that he denies any of the alleged promises pleaded by plaintiffs, and claims that he purchased the land from his father, paying $2,200 of the purchase price to his mother and the remainder to his father. There is evidence, also, of a settlement with the father before his death, and a written receipt, acknowledging full satisfaction of all matters down to April 26, 1892.

The case is not an unusual one, and the principles of law involved are not new. Indeed, there is little dispute over the law. The trouble, as usual, is over its application. Plaintiffs say there is a constructive trust because of fraud. This, as we view it, they have failed to establish by the quantum of evidence required. Our conclusions find support in the following, among other cases: *Shaffer v McCrackin,* 90 Iowa, 578; *Rogers v. McFarland,* 89 Iowa, 286; *Maroney v. Maroney,* 97 Iowa, 711; *Verzier v. Convard,* (Conn.) 52 Atl. Rep. 255; *Mallow v. Walker,* 115 Iowa, 238.

The decree is right, and it is AFFIRMED.

WEAVER, J., taking no part.