HEWELT v. HEWELT.

1. TRUSTS—SUFFICIENCY OF DECLARATION OF TRUST—FRAUDS, STATUTE OF.

A letter from a brother to his sister indicating his purpose to share with the other children the proceeds of property deeded by the father to said brother and his wife by the entireties was not a sufficient declaration of trust to satisfy the statute of frauds.

2. SAME—CONSTRUCTIVE TRUSTS—FRAUD ESSENTIAL ELEMENT.

Constructive trusts do not arise by agreement or from intention, but by operation of law, and fraud, active or constructive, is their essential element.

3. SAME—WHEN BREACH OF ORAL PROMISE RAISES CONSTRUCTIVE TRUST.

The breach of a promise by the grantee of real estate to dispose of it in accordance with an oral agreement with the grantor does not, standing alone, constitute fraud, but to raise a constructive trust the oral promise must have been the inducing cause of the conveyance and relied upon by the grantor.

Appeal from Wayne; Law (Eugene F.), J., presiding. Submitted October 3, 1928. (Docket No. 24, Calendar No. 33,815.) Decided December 4, 1928.

Bill by Joseph Hewelt and others against John Hewelt and another to impress a constructive trust upon certain real estate. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Edward H. Kennedy, Jr.,* and *John R. Rood,* for plaintiffs.

*Barbour & Martin (Henry C. L. Forler,* of counsel), for defendants.

FEAD, C. J.   On February 6, 1918, Joseph Hewelt, widower, father of the parties to this suit, executed to his eldest son, defendant John Hewelt and to the latter's wife, by the entireties, a deed to a lot in the city of Detroit, subject to a life lease back to the grantor.   At the time of the conveyance, John was the only married child of Joseph Hewelt.   Joseph, taken sick, had gone to live with John a short time before.   Joseph died March 13, 1918, leaving 10 children, 4 of whom were minors, ranging in age from 8 to 16 years.   After the father's death, defendants cared for the 3 minor children in a church boarding school, paying their expenses, although some of the other brothers made casual contributions of clothes.

This suit was brought to impress a constructive trust upon the premises so deeded to defendants by Joseph Hewelt, on the ground of fraud.   There was no testimony of the circumstances under which the deed was executed, although it appeared that one of the subscribing witnesses was available.   Plaintiffs' showing consisted of oral admissions made by defendants after the death of Joseph, together with a letter written by John Hewelt to his sister about a year after the father's death.   The evidence of oral admissions was to the effect that defendants had taken the property with the understanding that, when Joseph died, defendants would sell the lot and divide the proceeds equally among the children; or, as otherwise stated, that defendants would care for the three youngest children until they became 16 years of age, and would then make distribution of the balance.   The letter indicated a purpose to share with the other children the proceeds of the property on sale.   It was not claimed that the letter was a sufficient declaration of trust to satisfy the statute

of frauds, nor could it have that effect. *Innis* v. *Michigan Trust Co.*, 238 Mich. 282.

Constructive trusts do not arise by agreement or from intention, but by operation of law; and fraud, active or constructive, is their essential element. 39 Cyc. p. 169.

The breach of a promise by the grantee of real estate to dispose of it in accordance with an oral agreement with the grantor does not, standing alone, constitute fraud. *Boston Piano & Music Co.* v. *Pontiac Clothing Co.*, 199 Mich. 141. To raise a constructive trust, an oral promise to dispose of land as directed by the grantor must have been an inducing cause of the conveyance and relied upon by the grantor. *Willis* v. *Robertson*, 121 Iowa, 380 (96 N. W. 900), cited with approval in *Longe* v. *Kinney*, 171 Mich. 312; *Stahl* v. *Stahl*, 214 Ill. 131 (73 N. E. 319, 68 L. R. A. 617, 2 Ann. Cas. 774, 105 Am. St. Rep. 101); *Ahrens* v. *Jones*, 169 N. Y. 555 (62 N. E. 666, 88 Am. St. Rep. 620).

The most that can be said for the showing of the plaintiffs is that defendants orally agreed to sell the property and make division of the proceeds. It did not indicate whether such promise was made before or after the execution and delivery of the conveyance. Because of the lack of evidence that the defendants' promise was an inducing cause of the conveyance, it must be held that fraud was not proved. The case is ruled by *Funk* v. *Engel*, 235 Mich. 195.

The decree of the circuit court, dismissing the bill, is affirmed with costs to defendants.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.