### RICE *v.* ALLEN.

1. TRUSTS — FRAUD — UNDUE   INFLUENCE — DURESS — CONSTRUCTIVE
   TRUSTS.

   Whenever the legal title to property has been obtained through
   actual fraud, misrepresentation, concealments, or through un-
   due influence, duress, taking advantage of one's weakness or
   necessities, or through any other circumstances which render it
   unconscionable for the holder of the legal title to retain and
   enjoy the beneficial interest, equity impresses a constructive
   trust on the property thus acquired in favor of the one who
   is equitably entitled thereto although he may never have had
   any legal estate therein.

2. SAME — EQUITY — JURISDICTION — WRONGDOERS — GOOD-FAITH   PUR-
   CHASER.

   A court of equity has jurisdiction to reach property wrongfully
   obtained either in the hands of the original wrongdoer, or in
   the hands of any subsequent holder, until a purchaser of it in
   good faith and without notice acquires a higher right, and
   takes the property relieved from the trust.

3. FRAUD — PRESUMPTIONS — INFERENCES — BURDEN OF PROOF.

   Fraud is never presumed and cannot be lightly inferred and the
   burden of proving it is upon the plaintiff.

4. SAME — PROMISSORY STATEMENTS.

   Statements promissory in their character that one will do a par-
   ticular thing in the future are not misrepresentations, but are
   contractual in their nature, and do not constitute fraud, since
   a fraud must relate to facts then existing or which have pre-
   viously existed.

5. SAME — PROMISES — FAILURE OF PERFORMANCE.

   A mere promise to perform an act in the future is not, in a legal
   sense, a representation, and a failure to perform it does not
   change its character.

---

Inducement to transfer property by reason of fraud, duress or undue
influence as basis for constructive trust, see Restatement, Restitution,
§ 167.

6. SAME—EVIDENCE.
    Where fraud is alleged, much latitude is allowed in the admission of circumstantial evidence.

7. TRUSTS—CONSTRUCTIVE TRUSTS—EVIDENCE.
    In suit to impress a constructive trust upon property acquired by defendant son of decedent grantor who executed a deed reserving in herself a life estate, letter which had been written several years previous to date deed was executed was properly received along with other testimony to show basis for constructive trust.

8. SAME—CONSTRUCTIVE TRUSTS—EVIDENCE—FRAUD.
    In suit to impress a constructive trust upon property acquired by defendant son of decedent grantor who executed deed without knowledge of son at the suggestion of an attorney not then acquainted with the son, record *held,* not to disclose convincing evidence that deed was given as a result of any representations by grantee or any understanding or agreement upon which such trust might be predicated, statements made after receipt of deed by grantee being merely promissory in nature and not admissions that he had acquired title in a fraudulent manner.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 9, 1947. (Docket No. 37, Calendar No. 43,494.) Decided June 27, 1947.

Bill by June Allen Rice and another against Claude B. Allen and others to impress a constructive trust upon certain property. Decree for plaintiffs. Defendant appeals. Reversed.

*Mustard, McAuliffe, Hatch & Claggett,* for plaintiffs.

*Charles H. Lockwood (Wagner, Wagner & Wagner,* of counsel), for defendant.

BUSHNELL, J. Agnes L. Allen died on October 20, 1942, leaving as her heirs at law a son and daughter,

defendants Claude B. Allen and Beulah Hudson, and four grandchildren, plaintiffs June Allen Rice, Evelyn Allen Brenner, and defendants Charles E. Allen and Claude B. Allen, II.

Agnes L. Allen, during her lifetime, owned and occupied a modest home in Battle Creek, on which a bank held a small mortgage with a balance due thereon of $112.34. Preceding her death and while she was a patient in a convalescent home operated by Dr. M. L. Riemann, Charles H. Lockwood, an attorney, was called for the purpose of advising Mrs. Allen as to the disposition of her property. Lockwood drafted a deed conveying the property to Mrs. Allen's son, defendant Claude B. Allen, with a reservation of a life estate therein. Claude was not present at the time the deed was executed. He later testified that the first knowledge he had of the deed was when he received it by mail at Cleveland, Ohio, where he was then living. He stated that he had a conversation with plaintiffs relative to the real and personal property of his mother shortly after her death; that he told them, in answer to their inquiry as to when they would get their share of the property, that they would get it when "everything was properly taken care of." He admitted other conversations in which he stated that each heir would get his share. He also testified as follows:

"*Q.* Did you, at the time you told them that, intend that they should receive something from this property?

"*A.* I did.

"*Q.* Is it your present intention that they should receive something from the property?

"*A.* It is not, due to their conduct and their attitude towards me."

After Mrs. Allen's death, a letter, in her own handwriting, was found among her papers. It was

dated April 12, 1940, several years prior to the execution of the deed. It reads:

"My dear children:
This is what I wish you all to do after I am gone; first Claude is to receive five hundred $500 dollars more than the rest of you as he has given me so much, then you all are to help with my funeral expenses, then after the balance of Charlie's funeral expenses are paid his children are to receive their share, but the funeral expenses for Charlie are to come all out of their (his childrens') share.

With love from your
Mother."

After his mother's death, defendant Allen collected some insurance money, which was applied on the funeral bill. Out of the rentals of the home he paid other debts of the deceased, and, also, taxes on the property. In 1944 he mortgaged the property for $2,750, which mortgage has since been paid.

The testimony shows that the real estate has a value of $5,300 and the personal property of $275.

Plaintiffs contend that the deed in question was obtained by fraud and misrepresentation, in reliance upon Claude's promise to pay his mother's debts and divide the residue in accordance with her wishes. Plaintiffs also claim that Mrs. Allen was advised by Lockwood that it would be less expensive to convey her property by deed, reserving a life estate therein, rather than to execute a will.

A bill of complaint was filed on November 22, 1944, seeking to impose a constructive trust on the property. The court, after hearing the parties and discussing the applicable law at length, found that defendant Claude B. Allen held legal title as trustee for the uses and purposes set forth in his mother's letter. He was ordered to sell the property and, after deducting from the proceeds all of the dece-

dent's debts, to distribute the balance to her heirs at law in accordance with her wishes.

Defendant Claude B. Allen has appealed from a decree entered in conformity with the trial court's opinion.

In *Morris* v. *Vyse,* 154 Mich. 253 (129 Am. St. Rep. 472), the Court quoted with approval the following from 3 Pomeroy on Equity Jurisprudence (3d Ed.), § 1053:

" 'In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means, or under any other similar circumstances, which render it unconscionable for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property, either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved from the trust. The forms and varieties of these trusts, which are termed "ex maleficio" or "ex delicto," are practically without limit. The principle is applied wherever it is necessary for the obtaining of complete justice, although the law may also give the remedy of damages against the wrongdoer.' "

It is well established that fraud is never presumed and cannot be lightly inferred, and that the burden of proof is upon the plaintiff. *Howard* v. *Reaume,* 310 Mich. 119, 125. The following quotation in that case from *Boston Piano & Music Co.* v. *Pontiac*

*Clothing Co.,* 199 Mich. 141, 147, is particularly applicable to the facts in the instant case:

" 'Statements promissory in their character that one will do a particular thing in the future are not misrepresentations, but are contractual in their nature, and do not constitute fraud. *Hubbard* v. *Long,* 105 Mich. 442; *Macklem* v. *Fales,* 130 Mich. 66. * * * 12 R. C. L. p. 254, lays down the rule in the following language:

" ' "Since a fraud must relate to facts then existing or which have previously existed, the general rule is that fraud cannot be predicated upon statements promissory in their nature and relating to future actions, nor upon the mere failure to perform a promise, or an agreement to do something at a future time, or to make good subsequent conditions which have been assured. Nor, it is held, is such nonperformance alone even evidence of fraud. Reasons given for this rule are that a mere promise to perform an act in the future is not, in a legal sense, a representation, and a failure to perform it does not change its character. Moreover, a representation that something will be done in the future, or a promise to do it, from its nature cannot be true or false at the time when it is made. The failure to make it good is merely a breach of contract, which must be enforced by an action on the contract, if at all." ' "

However, where fraud is alleged, much latitude is allowed in the admission of circumstantial evidence.

" 'And no rigid rule of evidence can be applied to measure the admissibility of circumstances, for they arise out of the condition, relation, conduct, and declarations of the parties, and those are infinitely diversified' (*Stauffer* v. *Young,* 39 Pa. 455). This Court said in *Ross* v. *Miner,* 64 Mich. 204, 206:

" 'But it is quite possible that fraud can be made out by proof of subsequent acts throwing light on what was done before the dealings assailed.' " *Krolik* v. *Lang,* 187 Mich. 286, 291.

We, therefore, find no error in admitting the letter and other testimony.

A careful review of the record in the instant case does not disclose convincing evidence that the deed in question was given as a result of any represen- tations by defendant Claude B. Allen, or any un- derstanding or agreement upon which a constructive trust may be predicated.   See *Hewelt* v. *Hewelt,* 245 Mich. 108.

The testimony is undisputed that Claude B. Allen was a dutiful son, who aided and assisted his mother in her affairs.   He was not present at the time the deed was executed and never met attorney Lockwood, who drafted the deed, until after his mother's death.   The statements made by him were merely promissory in nature and do not constitute admissions on his part that he had acquired title to the property in a fraudulent manner.

We do not agree with the conclusion reached by the trial judge, and are obliged to hold that the doctrine of a constructive trust is not applicable to the instant case.

The decree is vacated and one may be entered here dismissing plaintiffs' bill of complaint.   Costs to appellant.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.