McClain v. McClain.

## McClain v. McClain.

1. **Trial de novo.** In this case, as no predjudice could result, the case was tried *de novo*.

2. **Express Trust:** PAROL TESTIMONY. An agreement to accept a conveyance in trust, and reconvey to the trustee, thereby creating an express trust, cannot be established by parol testimony.

3. ———: STATUTE OF FRAUDS. Where the conveyance in trust was made voluntarily, without solicitation or undue influence, and no fraud is shown prior to or contemporaneous with the execution of the deed, but consists in denying and repudiating the agreement to reconvey, it will not remove the case from the operation of the statute of frauds.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 25.

ACTION in chancery to enforce a trust of certain land, the fee simple title whereof, it is alleged, was held by the defend-

| 57 | 167 |
| 90 | 582 |
| 57 | 167 |
| 92 | 620 |
| 57 | 167 |
| 94 | 239 |
| 57 | 167 |
| 100 | 293 |
| 57 | 167 |
| 104 | 586 |
| 57 | 167 |
| 115 | 330 |
| 115 | 331 |
| 115 | 332 |
| 57 | 167 |
| 121 | 383 |
| 121 | 385 |
| 121 | 439 |

ant in trust for the plaintiff. The relief prayed for in the petition is, that defendant be required to account to plaintiff for the proceeds of the land which has been sold. There was a decree dismissing plaintiff's petition, from which she appeals.

*Seward Smith, R. N. Baylies,* and *James Embree,* for appellant.

*Bowen & Leavens,* for appellee.

BECK, J.—I. The petition alleges that in 1860 the plaintiff's father owned one hundred and sixty acres of land in the state of Kansas, which he conveyed to defendant under an oral agreement that it was to be held in trust for plaintiff until she attained her majority, when defendant was to convey the land to plaintiff. It is alleged that by means of a fraudulent agreement of defendant, plaintiff's father was induced to convey the land to defendant and that the deed, through mistake, was not made to contain the agreement of defendant to hold the land in trust, but is absolute in form and conveys to defendant the fee simple title. The petition shows that defendant has conveyed the land to another, and prays that he may be required to account to plaintiff for the proceeds of the land with interest. The answer admits the sale of the land by defendant but denies all other allegations of the petition. It also pleads the statute of limitations.

II. The defendant insists that the case for various reasons, cannot be tried here *de novo.* As we reach the conclusion that

1. TRIAL de novo.

the decree of the court below ought to be affirmed upon the merits of the case, we will not examine the different objections urged against a trial *de novo* in this court. The parties cannot complain on the ground that the objections to a trial *de novo* are not considered by us. Plaintiff insists that the cause be tried here anew; we try it in that manner and her position is therefore sustained. Defendant objects to such a trial, but as we affirm the decree of the court below, he suffers no possible prejudice from the manner of trial.

Neither party can therefore complain on the ground that we disregard defendant's objections to a trial *de novo*.

III.   The controlling facts in the case disclosed by the evidence are as follows:

In 1860 plaintiff's father conveyed to defendant, his uncle, by deed of warranty, reciting the consideration to be $250, a quarter section of land in Kansas. The plaintiff shows by parol testimony that her father, for the reason that he had, or anticipated trouble with his wife, plaintiff's mother, was desirous of securing the land for the benefit of his daughter. He consulted with his father and proposed to convey to him the lands in trust for plaintiff. The father declined this proposition and suggested that defendant, his brother and plaintiff's uncle, would be a fit person to hold the land as trustee, and so recommended him to plaintiff's father. Thereupon with the consent of plaintiff's father he proposed to defendant that he should accept a conveyance of the land for the benefit of plaintiff. Defendant at first declined but afterwards assented and agreed to hold the land in trust as proposed by his brother. This was communicated to plaintiff's father and thereupon he executed the deed to defendant. There is testimony on the part of defendant in conflict with plaintiff's evidence.

IV.   If it be conceded that the facts are as shown by plaintiff's testimony, she is not entitled to relief for the reason that

2. EXPRESS TRUST: parol testimony. the trust she seeks to enforce is express in its nature and cannot, therefore, under the statute of frauds, be established by parol testimony. The familiar rule of law upon which this conclusion is based is not disputed by counsel for plaintiff. But they insist that the case is not within the rule for reasons which we will proceed to consider.

V.   It is urged that the deed was executed by plaintiff's father through a mistake of fact, in that he believed that the defendant had made the promise to convey the land to plaintiff. If no such promise was made equity will hold the grantee to be a trustee. The position of plaintiff's counsel as to the

question of law involved in this point may be correct but the fact upon which it is based is not found in this case. There was no mistake as to the existence of the agreement of defendant to hold the land in trust. All the evidence introduced by plaintiff tends to establish such an agreement. To deny it, would overthrow the very foundation of plaintiff's case.

VI. But it is insisted that if such an agreement be established, then defendant having obtained the title fraudulently,

3. ———: stat- without payment of any consideration, will be held ute of frauds. to his contract and will be regarded as a trustee. This proposition is based upon the thought that if defendant fraudulently induced plaintiff's father to convey the land by promising to hold it for plaintiff, a trust arises and the fraudulent promise may be shown by parol. But no facts upon which this position can be based are shown by the record before us. Defendant, it cannot be claimed, induced plaintiff's father to make the conveyance by promises of any kind. The deed was executed voluntarily and without solicitation on the part of defendant. No influence of any kind was exerted by defendant to induce the grantor to execute the deed.

The mere refusal of defendant to perform the contract, and his denial of its existence, however they may conflict with good morals and principles of honor, are not to be regarded as frauds which will authorize the court of chancery to enforce a parol contract for the creation of an express trust. The frauds having such an effect are those which induce a party to convey property to the trustee, or which consist in the refusal to execute defeasances or other instruments to witness the trust, or which secure the execution of an instrument dfferent from the one agreed upon and the like. *Burden v. Sheridan*, 36 Iowa, 125; Brown on Statute of Frauds, sections 94, 439.

Little can be said against the doctrine and rules of law announced in the argument of the learned counsel for plaintiff. Indeed we think that they are all sound and have the support of the authorities. But the trouble with this case is that it can-

not be brought within the circle of the facts to which these rules and doctrines are applicable. The case amounts briefly to this: The conveyance was made to defendant without any act or representation on his part inducing it. No fraud has been shown prior to or contemporaneous with the execution of the deed to defendant. His fraud consists in denying and repudiating his agreement to convey the land to plaintiff. However abhorrent this fraud may be in the eyes of honest men, yet it is not a ground upon which the case may be removed from the operation of the statute of frauds, so that parol testimony may be admitted to establish the agreement creating the express trust.

The decree of the Circuit Court is

AFFIRMED.