MINNIE SHAFFER *et al.* v. JOSEPH R. McCRACKIN *et al.*, Appellants.

Paid Judgment: Execution Sale: Proof of Payment. Payment of a judgment to the attorneys who obtained it may be shown by parol evidence. (1)

SAME. An account book of such attorney (deceased) is incompetent to show that no such payment was made, especially where no statutory foundation is laid, and in absence of proof that it is the only account book of the attorney. (2)

Title on Sale Under such Judgment. When a judgment is in fact paid, though unsatisfied of record, a sale thereunder conveys no title. (3)

HOLDER OF SHERIFF'S DEED: NOT IN POSITION OF CREDITOR. Where the execution defendant, in whom the legal title is, desires to consummate an express trust in parol by placing the title in the heirs of his wife, those heirs have standing in an action to set aside a void sheriff's deed, and to quiet title to the land covered by it, and the holder of such deed can not object to the consummation of such trust. (3)

*Appeal from Jefferson District Court.*—HON. H. C. TRAVERSE, Judge.

SATURDAY, MAY 12, 1894.

ACTION to set aside a sheriff's sale of certain premises, and to quiet the title to the same in the plaintiffs. Decree for plaintiffs, and the defendants appeal.— *Affirmed.*

*Leggett & McKemey* for appellants.

*Jones & Fullen* for appellees.

GRANGER, C. J.—Barbara Iver was a judgment creditor of John G. Weitzel, in the sum of three thousand, nine hundred and ten dollars and fifty cents. On this judgment there are conceded payments of three thousand, five hundred and twenty dollars and fifty-six cents, made on and before June 1, 1870. Barbara Iver died, and, by bequest, her husband, John Iver, became the owner of the judgment, which he assigned to the defendant Joseph R. McCrackin, who took execution on the judgment, levied on the land in question, and after sale, and the expiration of redemption, he took a sheriff's deed therefor. Minnie Shaffer and her coplaintiffs are heirs of Amelia Weitzel, deceased, who was the wife of John G. Weitzel, in whom, they allege was the title to the land, and they aver that it was not the land of John G. Weitzel at the time of the levy and sale, but that of Amelia Weitzel, and that her heirs are the owners thereof. Some conveyances of the land were made that need not be set out. They also allege that, prior to the assignment of the judgment to defendant McCrackin, it had been fully paid, and issue was taken thereon. The payment, if made, was to the attorneys of Barbara Iver, Slagle & Acheson, who represented her in her suit in which the judgment was obtained. Slagle and Acheson are both deceased. The payment, if made, was about seven hundred dollars. The district court took the case under advisement, and prepared the following opinion, showing its conclusions of fact and law:

"I. Was the judgment on which the land in question was sold, paid off before the sheriff's sale? This will depend on whether the alleged seven hundred dollars payment on said judgment was in fact made. The

payment of a judgment may be proved by parol evidence. *Hollenbeck v. Stanberry*, 38 Iowa, 325. Payment made to the attorney of record who procured the judgment, before his authority is revoked, or before due notice of such revocation is given to the judgment defendant, is binding on the judgment plaintiff. 2 Black. on Judgm., section 986. The assignee of a judgment takes it subject to all equities and defenses. *School District v. Schreiner*, 46 Iowa, 172. Mr. I. D. Jones testifies that the alleged seven hundred dollars payment was in fact made within his personal knowledge. This testimony is competent and pertinent. It can not be disregarded. And Mr. Jones, in his evidence, states the circumstances of said payment so clearly, so fully, and with such minuteness of detail, that I am not at liberty to say that he is mistaken, or that the facts have faded from his memory.

"II.   What evidence is produced against this positive testimony of Mr. Jones? Really, there is none. The account book of Messrs. Slagle & Acheson, to prove the nonpayment of the seven hundred dollars, is incompetent—*First*, because items of money received or paid are not the subject of book account, and can not be proved in that way (*Veith v. Hagge*, 8 Iowa, 163); *Young v. Jones, Id.*, 220); *second*, the proper foundation was not laid for the introduction of said book (McClain's Code, section 4908; 1 Greenl. Ev., section 118, note); and, *third*, the book being introduced to prove a negative, it should for that reason be shown that all the account books of Slagle & Acheson, likely to contain the seven hundred dollars item, are before the court. How can you prove that an item was not entered on any book by simply introducing one book in evidence, and without showing that to be the only account book?

A sale of property under a judgment which has been satisfied is void, even though the satisfaction does

not appear of record, and the purchaser has no knowledge that the judgment has been paid.  12 Am. and Eng. Encyclopedia of Law, p. 150e, note 6, and authorities there cited; *Craft v. Merrill*, 14 N. Y. 456; *Carpenter v. Stilwell*, 11 N. Y. on page 71.  The judgment is the power back of, and authorizing, the execution sale.  If the judgment has been paid off, the power is gone, and no title passes, even to an innocent purchaser.  He who buys at a judicial sale must, at his peril, see that there is a valid, subsisting power to make the sale.  See authorities last cited; and, especially, see *Craft v. Merrill*, 14 N. Y, on page 461, and *Carpenter v. Stilwell*, 11 N. Y., on page 71.  If the judgment in question was satisfied before the sheriff's sale, as I think the evidence shows, then J. R. McCrackin acquired nothing by his purchase.  He has no right, title, or interest whatever in the premises in dispute.

III. "But what right, title, or interest in said premises have plaintiffs, or the other parties to the suit?  It may be truly said that they must recover, if at all, on the strength of their own right, and not on the weakness of McCrackin's claim.  Yet they need not have a perfect title to said premises, as against J. R. McCrackin.  If they have any right or equity therein, they should be protected as against him who has no right whatever.  It matters not that other persons may be able to assert rights in said premises as against plaintiffs.  That fact, if it exists, can not prejudice Mr. McCrackin, whose interest in the land may be represented by zero.  See, as bearing on this question, *Craft v. Merrill*, 14 N. Y. 456.  Before proceeding to point out what I conceive to be a tenable ground on which plaintiffs can stand, let me say that, in my opinion, their counsel must abandon the claim that Amelia and J. G. Weitzel conveyed the land in question to Peter Roth in trust for Amelia's heirs.  Such an

alleged trust would be an express trust, and would have to be in writing. Code, section 1934; *McClain v. Mc-Clain*, 57 Iowa, 167, 10 N. W. Rep. 333. Roth and wife conveyed the land to J. G. Weitzel. Weitzel claims that this is not what he wanted. He desired the premises conveyed to his and Amelia's children, or to someone in trust for them. Weitzel claims that he never accepted Roth's deed, and tries to repudiate said conveyance. But I think the weight of the evidence shows that J. G. Weitzel solicited Roth to convey the land to him, and that said conveyance is valid and binding as between the parties. Roth no longer claims the premises under the deed from Amelia and J. G. Weitzel to him. J. G. Weitzel is willing and anxious that his and Amelia's children should have the land. J. R. McCrackin can not object to such a consummation. No one can, unless it be creditors, if any, of J. G. Weitzel. If there be such creditors, their rights could not and are not attempted to be determined in this suit."

Our consideration of the evidence leads us to the same conclusion as to the fact of payment. The legal conclusions are supported by authority, and, in so far as they are essential to a conclusion of the case, they are approved, and the judgment will stand AFFIRMED.