Quintana et al., Peticionarios y Apelantes, *v.* Aponte, Juez Municipal de Cayey, Demandado-Apelado, y Centeno, Interventor.

Apelación procedente de la Corte de Distrito de Guayama en un recurso de *certiorari.*

No. 1704.—Resuelto en marzo 6, 1918.

Emplazamiento—Edad del que Verificó el Emplazamiento—Diligenciamiento Nulo — Enmienda ''Nunc pro Tunc'' — Falta de Jurisdicción Sobre la Persona del Demandado.—Cuando como en este caso del diligenciado del emplazamiento hecho por persona que no es el márshal, no consta que tal persona fuera mayor de 18 años, ni se ha solicitado la enmienda de dicho diligenciado *nunc pro tunc* para hacerlo así constar, ni en ninguno de los procedimientos seguidos para oponerse a la nulidad del emplazamiento se sostiene que la persona que lo hizo era en realidad de verdad mayor de 18 años, no puede sostenerse que la corte adquirió jurisdicción sobre la persona del demandado.

Los hechos están expresados en la opinión. ·

Abogados de los apelantes: *Sres. C. Domínguez Rubio y Francisco Navarro Ortiz.*

Abogado del apelado: *Sr. M. A. Martínez Dávila.*

Abogado del interventor: *Sr. M. Guzmán Texidor.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de apelación contra una sentencia de la Corte de Distrito de Guayama declarando sin lugar cierta solicitud de *certiorari.*

De la transcripción aparece que Lorenzo Camuñas demandó en la Corte Municipal de Cayey a Jesús Centeno, en cobro de pesos. Archivada la demanda, se expidió el emplazamiento el 10 de octubre de 1908. El diligenciado de dicho emplazamiento, copiado a la letra, es como sigue:

''Certificado de Diligenciamiento del Marshal.

''Certifico: que recibí el presente emplazamiento a las ocho de la mañana del día once de octubre de 1908, y que notifiqué el mismo, personalmente el día quince de octubre de 1908 a Jesús Centeno demandado mencionado en dicho emplazamiento, entregando a dicho demandado y dejando en su poder personalmente en esta población

una copia de dicho emplazamiento y en su poder, del demandado Jesús Centeno, una copia fiel y exacta de la demanda en el pleito mencionado en dicho emplazamiento.—Fechado hoy día 9 de noviembre de 1908.—Firmado por J. R. Vázquez, Encargado de la notificación.—Jurada ante mí hoy 9 de noviembre de 1908.—Joaquín Colón.''

El 9 de noviembre de 1908, el demandante pidió la anotación de la rebeldía del demandado y el 13 del mismo mes y año, que se dictara sentencia en contra del dicho demandado. Así lo hizo la corte, habiéndose subastado para ejecutar la sentencia dictada una finca de ocho cuerdas de la propiedad del demandado, el día 9 de febrero de 1909.

Transcurrieron varios años y el 13 de abril de 1917 el demandado presentó una moción en la dicha Corte Municipal de Cayey solicitando que se declarara nula y sin ningún valor la sentencia en rebeldía dictada en contra suya, porque el emplazamiento no fué diligenciado por el márshal sino por persona distinta de dicho funcionario y esa persona dejó de prestar el juramento que para tales casos requiere la ley, no habiendo por tanto llegado a adquirir jurisdicción la corte sobre la persona del demandado.

La corte señaló día para la discusión de la moción ordenando además que se citara a las partes. En el día señalado sólo compareció la parte demandada que argumentó su petición. La corte tomó bajo su consideración el caso y el 24 de abril de 1917, basándose en el artículo 92 del Código de Enjuiciamiento Civil y en las decisiones de esta Corte Suprema en los casos de *Andino* v. *Knight,* 20 D. P. R. 198, y *Torres y Enseñat* v. *Alfaro,* 24 D. P. R. 731, declaró nula y sin ningún valor la sentencia en rebeldía que había dictado el 13 de noviembre de 1908 y la subasta de los bienes del demandado, sin especial condenación de costas.

Así las cosas, Pedro Quintana Vázquez y Nazaria Ortiz Collazo, pidieron a la Corte de Distrito de Guayama que expidiera un auto de *certiorari* para revisar los procedimientos de la Corte Municipal de Cayey y en definitiva que dejara sin efecto la sentencia de 24 de abril de 1917 de que se ha hecho

mérito. Los peticionarios fueron dueños de la finca rematada y en una acción reivindicatoria entablada por Jesús Centeno contra el actual dueño de la misma, fueron citados de evicción.

Expedido el auto, la corte oyó a las partes interesadas, y el 21 de junio de 1917 resolvió el caso definitivamente desestimando la solicitud. "Si examinamos—dijo la corte de distrito—el diligenciamiento del emplazamiento efectuado el 9 de noviembre de 1908 tendremos que éste no se ajusta a los requisitos que exige la Ley de Enjuiciamiento Civil, tal cual regía en dicha fecha, pues en el diligenciamiento no se hace constar (*a*) que el encargado de la citación era mayor de 18 años; (*b*) que no tenía interés en el asunto o no era parte en el mismo; (*c*) el juramento no llena los requisitos que exige la sección tercera de la Ley de 12 de marzo de 1908, sobre declaraciones juradas; (*d*) de la faz del juramento no aparece que el mismo se haya prestado ante un funcionario autorizado para tomarlo, pues si bien aparece la firma de Joaquín Colón no se dice cuál es el cargo que dicha persona desempeñaba; (*e*) que dicho juramento o declaración no fué suscrita ante el funcionario que tomó el juramento."

Los apelantes reconocen que el diligenciado del emplazamiento es defectuoso, pero sostienen que se trata de meras irregularidades que, dado el tiempo transcurrido, no pueden invocarse para anular la sentencia que dictó la Corte Municipal de Cayey.

La cuestión a estudiar y a resolver es la de si el legajo de la sentencia demuestra o no demuestra que la corte municipal adquirió jurisdicción sobre la persona del demandado. Limitaremos nuestro estudio al primero de los defectos apuntados.

El emplazamiento no se hizo por el márshal. Esto está admitido. Siendo ello así, sólo pudo llevarlo a efecto otra persona que reuniera las condiciones expresamente exigidas por la ley. Una de esas condiciones es la de que tal persona fuera mayor de diez y ocho años. No consta del diligencia-

do que lo fuera. No se ha solicitado la enmienda de dicho diligenciado *nunc pro tunc* para hacerlo así constar. (*Woodward* v. *Brown*, 119. Cal. 299.) Cuando se celebró la vista de la moción del demandado solicitando la nulidad de la sentencia en la corte municipal, el demandante faltó en comparecer. Y examinada la propia solicitud de *certiorari* se observa que en ninguna parte de la misma se sostiene que la persona que hizo el emplazamiento era en realidad de verdad mayor de diez y ocho años. Bajo tales circunstancias ¿puede sostenerse que la corte adquirió jurisdicción sobre el demandado? Una respuesta negativa se impone, a nuestro juicio.

En tal virtud y habiendo además en consideración los otros defectos apuntados cualquiera que sea su naturaleza, y la jurisprudencia establecida por esta corte en los citados casos de *Andino* v. *Knight*, 20 D. P. R. 198, y *Torres y Enseñat* v. *Alfaro*, 24 D. P. R. 731, y en el de *Serrano* v. *Berdiel et al.*, 22 D. P. R. 416, procede la confirmación de la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

El Juez Presidente Sr. Hernández y el Asociado Sr. Aldrey no intervinieron.