ISAACH, DEMANDANTE Y APELADO, *v.* DEL TORO, DEMANDADO Y APELANTE.

No. 3138.—*Visto:* Febrero 28, 1924.  *Resuelto:* Febrero 19, 1925.

EJECUCIÓN DE HIPOTECA—NULIDAD—EMPLAZAMIENTO NULO—*Affidavit.*—Aunque la edad de la persona que hace el emplazamiento puede probarse independientemente del *affidavit* de diligenciamiento, tal demostración generalmente debe hacerse por prueba *aliunde* en el mismo juicio; y tratándose del diligenciamiento del requerimiento de pago en ejecución de hipoteca la mera manifestación del funcionario autorizante en cuanto a que la persona que jura la diligencia del requerimiento era mayor de edad no convierte en válido un diligenciamiento que era nulo por no expresarse en el cuerpo del *affidavit* que el diligenciante era mayor de 18 años.

DAÑOS Y PERJUICIOS—VENTA JUDICIAL NULA POR FALTA DE JURISDICCIÓN—CAUSA DE ACCIÓN—ALEGACIÓN SOBRE VALOR DE LA FINCA.—En este caso se entabló en 1921 la acción subsidiaria de indemnización alegándose la nulidad de la venta judicial de la finca hipotecada a causa de falta de jurisdicción. Opuso el demandado la excepción de falta de causa de acción, porque se alegó el valor actual y no el que tenía la finca al ser vendida en 1917. *Se resolvió:* que el valor de la propiedad de que ha dispuesto el demandado es a lo sumo una cuestión que afecta a la medida de los daños y perjuicios. Tal valor al verificarse la venta por el demandado era cosa que estaba peculiarmente dentro de su conocimiento, y dado el corto período de tiempo que media entre las dos fechas, el no especificar el valor al hacerse el traspaso no parece ser cosa seria. De todos modos el defecto, si lo fuere, apenas si puede considerarse como una verdadera falta en determinar una causa de acción.

ID.—ID.—ID.—En una demanda para anular el procedimiento ejecutivo hipotecario por falta de jurisdicción no es necesario alegar que el demandante ofreció pagar al demandado la deuda garantizada con hipoteca de la finca vendida judicialmente cuyo valor se reclama. Los artículos 1271, 1274 y 1275 se refieren a contratos anulables ·más bien que a ventas judiciales viciadas de nulidad por falta de jurisdicción.

ID.—ID.—FRUTOS.—No es el valor de los intereses a que se refiere el artículo 1274 del Código Civil lo que tiene que reintegrar por concepto de frutos el

comprador de una casa en venta judicial nula por falta de jurisdicción, sino la propiedad con los frutos producidos o el equivalente de los alquileres devengados si la finca ha pasado a un tercero de buena fe.

ID.—ID.—ID.—Se señaló en este caso como un error el hecho de que la sentencia concediera frutos producidos por la finca cuya venta judicial se declaró nula por falta de jurisdicción sin deducir de ellos los gastos de conservación y contribuciones. *Se resolvió:* que representando el tipo de $26 mensuales concedidos el importe de la renta recibida solamente por aquella parte de la finca hipotecada que no estaba ocupada por el deudor y su esposa, y apareciendo de la prueba que las rentas han aumentado continuamente en la vecindad inmediata desde la fecha del procedimiento ejecutivo, y que la casa era nueva, dentro de las circunstancias bien puede asumirse que el valor en alquiler del apartamento en el cual el demandante y su esposa vivían y que no estaba incluído en el tipo mensual fijado por la corte inferior, era más que suficiente para compensar al demandado por cualesquiera contribuciones o gastos incurridos por sostenimiento.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar la demanda, con costas. *Confirmada.*

*E. Lefebre* y *A. Marín Marién,* abogados del apelante; *M. Tous Soto,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La sentencia dictada por el juez sentenciador se fundó en la siguiente opinión:

"Esta es una acción por cobro de daños y perjuicios fundados éstos, en la nulidad de un procedimiento ejecutivo que se siguió allá por el año 1913, por el demandado en este caso Agapito del Toro contra el demandante Isaach Candelario y su esposa y por el que el primero adquirió en pública subasta en pago del crédito hipotecario y demás cantidades reclamadas, la finca que se describe en la demanda presentada. Dicho procedimiento ejecutivo hipotecario se radicó ante esta misma corte, y su expediente que fué presentado como prueba lleva el número 6908.

"Alega el demandante que la sentencia de remate en el procedimiento ejecutivo a que se ha hecho referencia es nula, entre otros fundamentos, por haber sido dictada por una corte que no adquirió jurisdicción sobre la persona del demandado. Funda esta alegación en el hecho de haber sido diligenciado el requerimiento por persona particular sin que éste hiciese constar en el cuerpo de su juramento, que era una persona mayor de 18 años. El diligenciado en dicho requerimiento copiado literalmente dice así:

"'Yo, José F. Franco Valdés, mayor de 18 años, vecino de San

Juan, sin interés en este asunto, bajo juramento declaro:—Que recibí el presente requerimiento y una copia del escrito inicial que lo motivara, a las dos de la tarde del día de hoy, 23 de septiembre, y que notifiqué personalmente a la demandada Francisca Suárez, esposa del otro demandado Andrés Isaach Candelario, única persona que hallé al frente de la finca a que se refiere el predicho requerimiento, que es la casa que se describe en la demanda, domicilio de los esposos demandados. Que le mostré el presente original e informándole de su contenido con entrega de una copia del mismo y de la demanda presentada. Asimismo le requerí para que en el plazo de treinta días, a contar desde esta fecha, pague al demandante las sumas reclamadas apercibiendo de que si no las hiciere efectivas, se sacará a pública subasta la finca hipotecada.

" 'Este diligenciamiento se llevó a cabo a las tres y media de la tarde del día de hoy. San Juan Setiembre 23, de 1913.—(Fdo.) José F. Franco y Valdés.—Jurado y suscrito ante mí por Don José F. Franco y Valdés, mayor de edad, soltero, vecino de San Juan, a quien conozco personalmente hoy día 24 de septiembre de 1913.—(Fdo.)—C. Marrero, Sec. Cte. Dist.—Por Franco. Negroni, Sec. Auxiliar Cte. Dist.'

"Como puede verse, la persona que hizo el diligenciamiento, aún cuando expresa que era mayor de 18 años, no lo dice bajo juramento, y esto vicia de nulidad todos los procedimientos ulteriores. Esta es una cuestión que ha sido resuelta ya por nuestro Tribunal Supremo en distintos casos, entre ellos los de *Andino* v. *Knight,* 20 D.P.R. 198 y 201, y *Quintana et al.* v. *Aponte,* 26 D.P.R. 196 y especialmente y por sus semejanzas al presente, los de *Buonomo* v. *Sucesión Juncos,* 28 D.P.R. 409 y *López et al.* v. *Quiñones,* resuelto en abril 10 de 1922, 30 D.P.R. 342.

"En el caso de *Buonomo* v. *Sucesión Juncos* citado anteriormente, el Tribunal Supremo resolviendo esta misma cuestión, con referencia a un emplazamiento diligenciado en la misma forma que el del caso que discutimos, se expresó así:

" 'Cuando del diligenciamiento de un emplazamiento hecho por persona distinta del márshal no aparece que dicha persona era mayor de 18 años al verificarlo y que no tenía interés en el pleito, la Corte no adquiere jurisdicción sobre la persona que se dice emplazada, siendo nula la sentencia que se dicte bajo la base de tal emplazamiento y nula la venta judicial que se realice en ejecución de la sentencia.'

"De las propias alegaciones del demandante, se desprende que la finca en litigio pasó a un tercer poseedor por escritura debida-

mente inscrita en el Registro de la Propiedad lo que aparece también de la prueba presentada, y lo que hace imposible, resolviendo este caso como lo hemos de resolver a favor del demandante, la restitución de la propiedad según se solicita; y en su lugar la Corte ha resuelto concederle el valor de la finca y sus frutos, desde la fecha en que el demandado tomó posesión de la misma.

"La corte considera que el valor de la finca ha sido justificado por la prueba, en la suma de $3,000 y que sus frutos han de estimarse a razón de $26 mensuales desde la fecha en que tomó posesión de la finca el demandado Agapito del Toro, hasta la ejecución final de la sentencia que ha de dictarse en este procedimiento.

"Por todo lo expuesto, la corte es de opinión que debe declarar como declara con lugar la demanda presentada y condena al demandado a pagar al demandante, la suma de $3,000 más el importe de las mensualidades a razón de $26 desde el día 24 de noviembre de 1913 hasta la fecha en que sea pagado totalmente el importe de esta sentencia."

Alega el apelante:

(1) Que la corte erró al declarar con lugar la demanda.

(2) Que la corte erró al declarar sin lugar la excepción previa de que la demanda no expone hechos suficientes para constituir una causa de acción.

(3) Que la corte erró al conceder como frutos la suma de veinte y seis dollars mensuales hasta la fecha del pago.

(4) La corte erró al condenar en costas al demandante.

El razonamiento bajo el primer señalamiento de error es en substancia que las únicas causas de nulidad absoluta alegadas en la demanda son las que se refieren al diligenciamiento del requerimiento de pago que se hizo a la esposa del deudor y a la falta total en hacerse una citación al deudor personalmente; que en el caso de *Buonomo* v. *Juncos* y otros citados por dicho juez sentenciador (excepto el de *Andino* v. *Knight*), no había ninguna certificación respecto a la edad de la persona que diligenció la citación; y que la sección 3 de la "Ley estableciendo un Registro de Affidavits, etc.," Compilación de los Estatutos Revisados (Sec. 17), dice en parte lo siguiente:

''Sección 3.—El *affidavit* o declaración de autenticidad, se ajustará a las siguientes fórmulas:

'' *　*　* Suscrito y jurado, ante mí, por_____ (nombre, mayoridad, profesión y vecindad), a quien conozco personalmente. . . . .''

Es cierto, como indica el apelante, que este tribunal ha resuelto que el hecho de la edad puede probarse independientemente del *affidavit* de notificación, pero tal demostración generalmente debe hacerse por prueba *aliunde* presentada en el juicio, ofreciendo así una oportunidad para hacer repreguntas si la prueba fuere oral, o mediante objeción, si documental. A falta de algo más persuasivo que la forma prescrita para el juramento, y en tanto se trata del diligenciamiento de un requerimiento de pago en un procedimiento ejecutivo sumario, estamos obligados a declarar que la mera manifestación del notario o funcionario ante quien se hace el *affidavit* no puede ser aceptada como un equivalente o sustituto satisfactorio de la declaración jurada contenida en el *affidavit*.

Ni tampoco creemos necesario seguir al apelante en el esfuerzo asimismo infructuoso que hace por establecer la proposición de que la citación a la esposa sin un requerimiento personal al marido, es todo lo que se exige en el procedimiento sumario en ejecución de hipoteca sobre bienes gananciales.

La teoría del segundo señalamiento es según parece que el demandante estaba obligado a hacer cierta especie de ofrecimiento de acuerdo con los artículos 1271, 1274 y 1275 del Código Civil, pero sin ninguna indicación definitiva en cuanto a la naturaleza exacta de la omisión en cuestión. Claramente que los artículos citados se refieren a contratos anulables más que a ventas judiciales nulas y no exigen al deudor que pague la cantidad debida según la hipoteca como condición previa a una sentencia que declara la nulidad absoluta del procedimiento ejecutivo por falta de jurisdicción.

La alegación de que en la demanda se alega el valor de

la propiedad en tiempo presente como de la fecha de la radicación en vez del valor que tenía al hacerse el traspaso por el demandado, es algo más específica, pero igualmente insostenible.   La esencia de la acción es la nulidad del procedimiento ejecutivo por falta de jurisdicción.   El valor de la propiedad de que ha dispuesto el demandado es a lo sumo una cuestión que afecta a la medida de los daños y perjuicios.   La propiedad fué vendida por el demandado en el año 1917 y la demanda radicada en 1921.   El valor de la propiedad al verificarse la venta por el demandado era cosa que estaba peculiarmente dentro de su mismo conocimiento, y dado el corto período de tiempo que media entre las dos fechas, el no especificar el valor al hacerse el traspaso no parece ser cosa seria.   De todos modos el defecto, si lo fuere, apenas si puede considerarse como una verdadera falta en determinar una causa de acción.

Esto resulta aún más aparente si consideramos la cuestión de incongruencia, que se discute con cierta amplitud en el alegato del apelante.   Al juicio no se adujo prueba alguna del valor actual a excepción de la mera presentación como prueba de la escritura otorgada por el demandado; y el precio de venta en ella especificado lo adoptó la corte inferior como base de su sentencia.

No se formuló ninguna objeción a la admisión de este documento y, a falta de alguna demostración en sentido contrario, el valor de la propiedad al verificarse dicho traspaso se presume que siguió sin cambio considerable por un período de tiempo razonable.   Cualquier aumento en el valor después de esa fecha, a falta de alguna prueba, no puede pérjudicar al demandado; y cualquier depreciación de modo alguno y de acuerdo con la misma teoría del demandado en cuanto a la verdadera estimación de los daños y perjuicios no puede redundar en provecho o ventaja para él.   Faltando en absoluto alguna indicación de sorpresa en la corte inferior, no es necesario investigar más sobre los méritos del razonamiento del apelante acerca de este punto, ni repetir

de nuevo lo que ha sido reiterado de tiempo en tiempo en una serie uniforme de decisiones de esta corte más o menos recientes relativas a la inutilidad de levantar tales cuestiones por primera vez en apelación.

El tercer señalamiento se funda principalmente en el artículo 1274 del Código Civil, ya referido, el cual es como sigue:

"Art. 1274.—Siempre que el obligado por la declaración de nulidad a la devolución de la cosa, no pueda devolverla por haberse perdido, deberá restituir los frutos percibidos y el valor que tenía la cosa cuando se perdió, con los intereses desde la misma fecha."

La alegación sirve meramente para ilustrar e insistir en el peligro que hay al aplicarse indistintamente las disposiciones del Código que regulan la rescisión o nulidad de contratos existentes a las acciones reivindicatorias para recobrar la propiedad traspasada en una venta judicial que se alega fué nula *ab initio* por defectos jurisdiccionales. En un caso como éste, el demandante tiene derecho a recobrar del demandado, como poseedor de mala fe la propiedad con las rentas y ganancias, o como daños y perjuicios y en su lugar su equivalente en dinero si la propiedad ha pasado a poder de un comprador de buena fe. Adoptar la teoría del apelante equivaldría a decir que un acreedor hipotecario mediante alegaciones falsas en su demanda de ejecución de hipoteca y por el hecho de acudir al simple trámite de un traspaso inmediato o de permitir a un tercero comprar la propiedad en subasta pública, puede primero privar al deudor de su propiedad sin ser oído sobre cualquier cuestión que en la Ley Hipotecaria no se exprese como defensa y obligarle entonces a aceptar en vez de las rentas y beneficios que produzca dicha propiedad, intereses al tipo local del 6 por ciento sobre el valor de la misma al efectuarse la venta. No queremos imputar a los redactores del Código Civil la intención de permitir que un acreedor hipotecario poco escrupuloso, o descuidado, que elije establecer el proce-

dimiento ejecutivo hipotecario evite así el riesgo y eluda la responsabilidad que le imponen las prescripciones terminantes de la Ley Hipotecaria.

También se sugiere que no se hizo ninguna concesión o rebaja para cubrir los gastos ocasionados en relación con la propiedad, especialmente en lo que respecta a contribuciones, las que, por lo menos, como se alega, deben presumirse que fueron satisfechas por el demandado. Aceptando en pro del argumento que la doctrina del caso de *Arvelo* v. *Banco Territorial y Agrícola,* 29 D.P.R. 1066, citada por el apelante en apoyo de su contención es aplicable a la propiedad de la ciudad, y que incumbía al demandante probar que no sólo el importe de las rentas sino las ganancias netas, y que a falta de prueba del costo de conservación y reparaciones o sumas pagadas por contribuciones, debería hacerse una concesión liberal suficiente a cubrir el supuesto máximum en este sentido, no encontramos, sin embargo, razón satisfactoria que pueda servir de base a la modificación de la concesión hecha por el juez sentenciador. El tipo de $26 mensuales representaba la renta recibida solamente por aquella parte de la finca hipotecada que no estaba ocupada por el deudor y su esposa, y aparece de la prueba que las rentas han aumentado continuamente en la vecindad inmediata desde la fecha del procedimiento ejecutivo. También consta que la casa era nueva. Dentro de las circunstancias bien puede asumirse que el valor en alquiler del apartamento en el cual el demandante y su esposa vivían y que no estaba incluído en el tipo mensual fijado por la corte inferior, era más que suficiente para compensar al demandado por cualesquiera contribuciones o gastos incurridos por sostenimiento.

La proposición envuelta en el cuarto señalamiento la somete el apelante como corolario de las conclusiones a que llega en su alegato respecto de las cuestiones ya discutidas aquí. Por tanto, será bastante con decir que no estamos dispuestos a aplicar la doctrina sentada en el caso de *López* v. *Quiñones, supra,* citado también por el apelante en este

sentido, a los hechos de este caso, y que no vemos que el juez sentenciador haya abusado de su discreción al conceder las costas al demandante.

*Debe confirmarse la sentencia apelada.*