PROVIDENCIA RODRÍGUEZ Y SOLER, SUSTITUÍDA POR GONZALO LLO-
VERAS Y GILBERTO LLOVERAS Y RODRÍGUEZ, representado
este último por su padre GONZALO LLOVERAS, demandantes
y apelados, v. TOMÁS LANDRÓN RODRÍGUEZ Y SUCRS. DE SO-
BRINO & Co., demandados y apelantes.

No. 4045.—*Visto:* Febrero 17, 1927. *Resuelto:* Julio 26, 1927.

1. EJECUCIÓN—PAGO, SATISFACCIÓN Y DESCARGO *(Discharge)*—VENTA EN EJECU-
CIÓN—VENTA YA OBTENIDA—CANTIDAD SUFICIENTE PARA SATISFACER LA SEN-
TENCIA QUE SE EJECUTA.—Vendida una propiedad en ejecución de sentencia
por cantidad más que suficiente para satisfacerla, una segunda venta de otros
bienes es nula y sin ningún valor aún cuando se trate de un comprador ino-
cente.

2. EJECUCIÓN—VENTA—TÍTULO Y DERECHOS DEL COMPRADOR—COMPRADORES INO-
CENTES O DE BUENA FE—EN GENERAL.—Vendida una propiedad en ejecución
de sentencia por cantidad más que suficiente para satisfacerla, una segunda
venta de otros bienes no transmite título sobre la finca así vendida y adju-
dicada; aún cuando se haya comprado de buena fe y sin conocimiento de ello.

3. EJECUCIÓN—VENTA—TÍTULO Y DERECHOS DEL COMPRADOR—DERECHOS Y REME-
DIOS AL DECLARARSE LA VENTA NULA O INEXISTENTE—RECLAMACIÓN DEL PRE-
CIO DEL REMATE.—Cuando la venta y adjudicación de una propiedad es ine-
xistente y nula, el comprador no puede reclamar contra el dueño primitivo
el importe del precio del remate, especialmente en ausencia de que dicho
dueño se aprovechara de cantidad alguna procedente del precio o de que él
convalidara la venta.

SENTENCIA de *Pablo Berga,* J. (San Juan), declarando con lugar
la demanda y sin lugar la reconvención, con costas. *Confirmada.*
*José G. Torres,* abogado de los apelantes; *V. M. Fernández* y *M.
Tous Soto,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

Los hechos de este caso son los mismos hasta el acta
de remate, a los relatados en el caso No. 4046 de *Héctor y
Julio César Rodríguez Soler* v. *Ramón Alonso et al.,* re-
suelto en el día de hoy. En el presente caso, sin embargo,
existe una causa más, fundamental, para declarar nula e
inexistente la venta.

[1] En el procedimiento sobre cobro de $198.40 que se
siguió ante la Corte Municipal de Vega Baja en febrero 9,
1914 por *Sucesores de Sobrino y Cía.* v. *Héctor y Julio Cé-
sar Rodríguez y Providencia Rodríguez,* causante de Gon-

zalo y Gilberto Lloveras y Rodríguez, también demandantes en este pleito, el demandado y apelante Tomás Landrón adquirió en el mismo procedimiento, mediante adjudicación que le hizo el márshal, una finca urbana por precio de $630. Según el acta de la subasta aparece rematada en primer lugar una finca rústica de 70 cuerdas, que se adjudicó a Ramón Alonso por $525. La sentencia a favor de Sucesores de Sobrino y Cía. era, como hemos visto, por $198.40. Así es que la sentencia fué satisfecha y quedaba un sobrante para los demandados, hoy demandantes. Con esto la autoridad del márshal había terminado para seguir subastando otras fincas de los demandados. No obstante, el márshal continuó el remate y vendió en segundo lugar al demandado Landrón una finca urbana, radicada en terrenos del municipio de Vega Baja, por precio de $630.

Los artículos 250 y 253 del Código de Enjuiciamiento Civil prescriben:

"Art. 250. El márshal deberá cumplir la orden de ejecución librada contra la propiedad del deudor declarado tal en la sentencia, embargando al efecto bienes suficientes, si los hubiere y cobrando o vendiendo las cosas litigiosas y vendiendo los demás bienes, pagará con su importe al demandante o a su abogado, la cantidad determinada en la sentencia, y el sobrante si lo hubiere después de satisfechas las costas, será devuelto al deudor, a no ser que otra cosa se disponga en el fallo u orden de la corte. . . . .

   *     *     *     *     *     *     *

"Art. 253. La venta judicial de bienes en cumplimiento de una orden de ejecución, deberá hacerse por subasta al mejor postor, y tendrá lugar entre las nueve de la mañana y las cinco de la tarde. Una vez que se hubieren vendido bienes suficientes para cumplir la orden de ejecución, no podrán venderse más. . . . . ''

De acuerdo con estas disposiciones, parece claro que vendida la finca rústica de 70 cuerdas que fué adjudicada a Ramón Alonso por $525, cantidad más que suficiente para satisfacer la sentencia, el márshal quedaba sin facultad para vender y adjudicar la finca urbana que es objeto de este pleito. Aunque hay un conflicto en las autoridades en

cuanto a los efectos de una subsiguiente venta, habiéndose ya satisfecho la sentencia, parece que la mejor doctrina es aquella que declara nula y sin ningún valor la segunda venta, aun cuando se trate de un comprador inocente. En 23 Corpus Juris, 749, la jurisprudencia se resume así:

"Las decisiones de las cortes están divididas respecto al efecto que tiene sobre el título de un comprador de buena fe en una venta en ejecución de sentencia, el que se satisfaga la sentencia con anterioridad a la venta de la propiedad embargada. En algunas jurisdicciones, especialmente según las decisiones más antiguas, se establece la regla de que un comprador de buena fe, sin tener conocimiento, adquiere un buen título aún si la cantidad a' ejecutar es pagada o la sentencia satisfecha antes de efectuarse la venta cuando tal pago no aparece de los autos al tiempo de la venta o antes de ella. Sin embargo, la mejor doctrina, según ha sido adoptada por las decisiones más recientes, es que el satisfacer la sentencia con anterioridad a la venta en ejecución de sentencia hace que tal venta sea nula y que el comprador no adquiera título alguno, aún si ha comprado de buena fe y sin tener conocimiento de ello. De todos modos, el comprador no adquiere título alguno si tenía conocimiento real o implícito. El satisfacer la sentencia después de efectuarse la venta no afecta el título de un comprador de buena fe."

En la nota No. 59 de la obra, refiriéndose a la mejor doctrina, se cita el caso de *Lee* v. *Rogers,* 15 Federal Cases No. 8,201, en el que se dice lo siguiente:

"Está resuelto, según he podido averiguar, que una venta efectuada para satisfacer una sentencia después que ésta ha sido pagada, es enteramente nula. Y un número de las autoridades van al extremo de decir que tal venta es nula bajo toda circunstancia y en lo que se refiere a toda persona, aún si los compradores son de buena fe, por buena causa y sin tener conocimiento. El principio sentado en las autoridades es que la sentencia es el único fundamento que tiene el márshal para efectuar la venta y traspasar el título; que si la sentencia ha sido satisfecha al tiempo de efectuarse la venta, el poder del márshal ha terminado y actúa entonces sin autoridad; y que al comprador se le imputa conocimiento si tal poder no existe, y compra a su propio riesgo. Las siguientes son las principales autoridades sobre esta cuestión: Hammatt v. Wyman, 9 Mass. 138; King v. Goodwin, 16 Mass. 63; Wood v. Colvin, 2 Hill, 568; Car-

penter v. Stilwell, 11 N.Y. 69, 70, 76; Swan v. Saddlemire, 8 Wend. 681; Lewis v. Palmer, 6 Wend. 368; Craft v. Merrill, 14 N.Y. 461; Neilson v. Neilson, 5 Barb. 565–569; Cameron v. Irwin, 5 Hill, 275; Delaplaine v. Hitchcock, 6 Hill, 17; Deyo v. Van Valkenburgh, 5 Hill, 246; Sherman v. Boyce, 15 Johns, 443; Jackson v. Anderson, 4 Wend. 480; Mouchat v. Brown, 3 Rich. Law, 117; Hunter v. Stevenson, 1 Hill (S.C.) 415; State v. Salyers, 19 Ind. 432; Skinner v. Lehman, 6 Ohio, 430. Con frecuencia se ha resuelto que son nulas, ventas para el pago de contribuciones, después que éstas se han satisfecho, y bajo el mismo principio, aún en lo que se refiere a compradores inocentes. Jackson v. Morse, 18 Johns. 441; Curry v. Hinman, 11, Ill. 420; Hunter v. Cochran, 3 Barr (3 Pa. St.) 105; Dougherty v. Dickey, 4 Watts & S. 146; Blight v. Banks, 6 T.B. Mon. 206.''

En la misma nota se expresa además la razón de la regla, diciéndose:

''La razón para la regla es que la existencia de la deuda cuyo cobro es el único objeto de la expedición del auto de *fieri facias,* es la única base en que descansa la facultad de vender; que cuando la deuda está extinguida, la facultad en virtud de . . . la ejecución desaparece con ella, y que el que compra al amparo de una facultad compra a su propio riesgo y nada recibe en su compra si la supuesta facultad no existe. McClure v. Logan, 59 Mo. 234, 237 (crit. Reed v. Austin, 9 Mo. 722, 35 Am. D. 336). La sentencia es el poder que respalda y autoriza la venta en ejecución. Si la sentencia ha sido satisfecha, el poder ha desaparecido y ningún título se transfiere a un comprador de buena fe. Shaffer v. McCrackin, 90 Iowa 578, 581, 58 NW 910, 48 Am. S. R. 465.'' 23 C. J. nota 59 (a) pág. 750.

Esta Corte Suprema ya en el caso de *Solá* v. *Castro,* 32 D.P.R. 804, en términos generales se expresó así en cuanto a la autoridad del márshal:

''Podemos inferir además de la doctrina que precede, que un comprador inocente no tiene que preocuparse ni inquirir sobre los meros errores de procedimiento, pero es su deber investigar la capacidad o poder en virtud del o de la cual el márshal ejerce su autoridad, y cerciorarse de su facultad jurisdiccional para verificar una venta, y para esto bastaría al comprador una inspección de la sentencia y de la orden de ejecución. Blood v. Light, *supra.*''

Llegamos, pues, a la conclusión, a la luz de la ley y de la jurisprudencia, que el márshal de la Corte Municipal de Vega Baja no transmitió al demandado título alguno sobre la finca urbana que le adjudicó en el acto del remate, por carecer de autoridad en absoluto para hacerlo.

[2, 3] El apelante, alegando que la casa que le fué adjudicada, por estar en muy mal estado la derribó construyendo en el mismo solar una nueva casa de mampostería con un valor de $8,000, solicitó por vía de reconvención, para el caso que prosperase la acción ejercitada por los demandantes, que se le devolvieran los $8,000 del valor de la nueva construcción, más los $630 que dió por la vieja casa en el acto del remate.

Apenas, no obstante, se discute en su alegato por el apelante esta contención. Será suficiente decir por nuestra parte que teniendo el carácter de inexistente la adjudicación y venta que le hizo el márshal de la casa, no hay base para tal reclamación, por lo menos respecto al precio del remate. Los demandantes únicamente contrataron con el demandado y no ha existido ningún nexo jurídico entre ellos para que el demandado pueda exigir la devolución de los $630, precio del remate. Como cuestión de hecho resulta además que no aparece de los autos que los demandantes recibieran o se aprovecharan de cantidad alguna procedente de aquella suma, ni se ha demostrado acto alguno realizado por ellos que implique la convalidación de la venta.

En cuanto a la suma de $8,000, valor de la nueva casa, dada la forma que la corte inferior dió a la sentencia, implícitamente la cuestión fué resuelta a favor del apelante. En la súplica de la demanda, entre otros pronunciamientos, se pedía que habiéndose destruído la casa que fué rematada y construída en su lugar una nueva, que se ordenase la entrega a los demandantes de la nueva casa, sin dar indemnización alguna al demandado. Y la corte inferior, resolviendo este punto en su opinión, se expresa así:

"Destrucción del Inmueble. — En la demanda enmendada se alega que el demandado destruyó la casa que había obtenido en la subasta y construyó otra, que fué inscrita en el Registro de la Propiedad con fecha 12 de junio de 1915. El solar en que la nueva casa está construída es propiedad del Municipio de Vega Baja, inscrito a su favor en el mismo Registro, habiéndose verificado dicha construcción, según certificación del Registrador, con el beneplácito y autorización del Concejo Municipal de dicho Municipio.

"Solicitan los demandantes que como el demandado carecía de derecho para demoler la casa adjudicádale en el pleito y edificada otra, siendo un poseedor de mala fe, les corresponde la nueva casa edificada y que se les debe ordenar su entrega, sin derecho a indemnización. Y solicitan también se les conceda cualquier otro remedio consistente con sus alegaciones, incluyendo las rentas producidas por uno y otro inmueble, percibidas por el demandado desde el comienzo de su detentación. Las rentas se fijan en la demanda, por concepto de arrendamiento a razón de $20.00 mensuales la antigua casa y $75.00 la de la nueva construcción.

"En el caso de *Isaach v. Del Toro*, 33 D.P.R. 1000, se establece la siguiente doctrina:

"'La alegación sirve meramente para ilustrar e insistir en el peligro que hay al aplicarse indistintamente las disposiciones del Código que regulan la rescisión o nulidad de contratos existentes a las acciones reivindicatorias para recobrar la propiedad traspasada en una venta judicial que se alega fué nula *ab initio* por defectos jurisdiccionales. En un caso como éste, el demandante tiene derecho a recobrar del demandado, como poseedor de mala fe la propiedad con las rentas y ganancias, o como daños y perjuicios y en su lugar su equivalente en dinero si la propiedad ha pasado a poder de un comprador de buena fe.'

"Y en el caso de Hernández v. Matanzo, 34 D.P.R. 755, se establece también la siguiente doctrina:

"'Si al ejecutar una sentencia de desahucio, arbitrariamente se destruye una casa del demandado radicada en parte en la finca objeto del desalojo, el demandado tiene derecho, en una acción de daños y resarcimiento de perjuicios, a ser indemnizado del valor de la casa de que se trata y de sus rentas.'

"El caso de Hernández v. Matanzo, *supra,* fué uno en el cual el demandante edificó una casa en un solar perteneciente en parte al demandado y en parte a una tercera persona. Y en un pleito de desahucio establecido por el demandante el márshal destruyó la edi-

ficación, que era de maderas, y como la propiedad no podía devolverse, se concedió indemnización por el valor de la misma y las rentas computadas por alquileres hasta el día en que se satisficiere la sentencia.

      \*      \*      \*      \*      \*      \*      \*

"Bajo las circunstancias del caso no puede decretarse la entrega de la nueva construcción, ¿pero pueden los demandantes ser resarcidos del valor de la casa destruída y de sus rentas, si piden que se les conceda cualquier otro remedio sostenido por sus alegaciones? Una corte puede conceder cualquier otro remedio al solicitado, cuando sus pronunciamientos están necesariamente comprendidos en las peticiones de las mismas y se encuentran justificados por las alegaciones y las pruebas. Gandía v. Trías & Stubbe, 29 D.P.R. 676.

"La prueba ha demostrado que la casa destruída fué vendida por el márshal en la suma de $630.00, y que ella rentaba en alquiler $30.00 mensuales, aunque en la demanda sólo se alega que rentaba $20 mensuales, sin que se hubiere solicitado enmienda alguna para conformar las alegaciones con la prueba."

La corte finalmente condenó al demandado-apelante a pagar a los demandantes la suma de $630 por valor de la propiedad destruída, más $20 computados mensualmente, por concepto de frutos, desde el 16 de junio de 1914, fecha del remate, hasta el día en que sea satisfecha la sentencia. El mismo motivo existe para aplicar el *ratio dicidendi* del caso de Alonso, *supra,* en cuanto a la devolución de frutos por el demandado.

*Por todo lo expuesto debe confirmarse la sentencia apelada.*