578

Rafael Carrión, en su carácter de Administrador Judicial del Banco Comercial de Puerto Rico, demandante y apelado, *v.* Eugenio Toral e Ignacia Cruz, demandados y apelantes.

No. 6383.—*Sometido:* Junio 12, 1933. *Resuelto:* Julio 26, 1933.

*José Carbia Miranda,* abogado de los apelantes; *Jaime Sifre Jr.* y *F. Ochoteco Jr.,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

En abril 11, 1932, Rafael Carrión, en su carácter de Administrador Judicial del Banco Comercial de Puerto Rico, demandó a Eugenio Toral y a su esposa Ignacia Cruz, en cobro de un crédito hipotecario de $3,000 por la vía ordinaria. Veinte y seis días después archivó una demanda enmendada agregando a la anterior el hecho de que los esposos Toral-Cruz con posterioridad a la hipoteca constituída

a favor del demandante, otorgaron otra a favor de la West India Oil Co. por $2,500, y el de que también con posterioridad a la hipoteca la finca gravada fué embargada para asegurar la efectividad de la sentencia que pudiera dictarse en pro de Manuel Ramos Pérez en pleito que seguía contra los dichos esposos Toral-Cruz. La West India Oil Co. y Manuel Ramos Pérez fueron hechos partes demandadas, pidiéndole que al dictarse sentencia en caso de que hubiere necesidad de vender el inmueble hipotecado para cobrar la deuda, quedaran cancelados la hipoteca y el embargo posteriores.

Eugenio Toral e Ignacia Cruz fueron emplazados el 2 de mayo siguiente y el 9 la West India y Manuel Ramos. El 7 de junio, 1932, comparecieron los esposos Toral-Cruz y excepcionaron la demanda. Su excepción fué declarada sin lugar el 20 del propio mes. Contestaron en julio 11, 1932, negando general y específicamente todos y cada uno de los hechos de la demanda. Los otros demandados faltaron en comparecer, anotándose su rebeldía en septiembre 20, 1932.

Así las cosas, fué el pleito a juicio el 7 de octubre último con asistencia del demandante y de los demandados Toral y Cruz por sus respectivos abogados. Alegaron dichos demandados falta de jurisdicción en la corte y su excepción fué declarada sin lugar. Practicó prueba testifical el demandante de la cual resulta claramente comprobada su reclamación. No presentaron prueba los demandados Toral y Cruz y la corte dictó sentencia "condenando a los demandados Eugenio Toral e Ignacia Cruz a satisfacer al demandante la suma de $3,000 como importe del principal del crédito hipotecario cuyo cobro es motivo de la presente acción . . . Y se dispone que si los demandados Eugenio Toral e Ignacia Cruz no procedieren a satisfacer el importe de las sumas reclamadas, se proceda a la venta en pública subasta de los dos inmuebles descritos en la demanda; y que una vez celebrada dicha subasta los bienes en cuestión queden libres de los gravámenes que tienen sobre los mismos los otros demandados West India Oil Co. y Manuel Ramos Pérez a cuya cancela-

ción inmediata deberá proceder el Registrador de la Propiedad."

Contra esa sentencia los demandados Toral y Cruz apelaron para ante este tribunal, radicando la transcripción en mayo 29 último.

En mayo 31 el demandante y apelado pidió la desestimación del recurso por frívolo. Los apelantes no comparecieron a la vista de la moción celebrada en junio 12, pero se opusieron a la desestimación por escrito, alegando que están envueltas en el recurso cuestiones de jurisdicción que no son frívolas.

Sostienen que de los emplazamientos no resulta que los demandados lo fueran de la demanda enmendada. La corte de distrito en la opinión que sirvió de base a su sentencia dilucida y resuelve la cuestión suscitada, debidamente así:

"Se ha alegado por los demandados Toral y Cruz que esta corte no ha adquirido jurisdicción sobre todas las partes en el pleito porque los demandados West India Oil Co. y Manuel Ramos Pérez fueron notificados erróneamente de la demanda original según aparece del certificado de diligenciamiento del márshal. La demanda enmendada fué radicada en 27 de abril de 1932 y en igual fecha expedidos los emplazamientos. Las citaciones fueron cumplidas por los márshals en 2 y 9 de mayo de 1932, haciendo constar ambos que se entregó a cada uno de los demandados copia de la demanda en el pleito mencionado. No se practicó prueba alguna de que a los demandados West India Oil Co. y Manuel Ramos Pérez se les entregara por el márshal copia de la demanda original de 11 de abril de 1932 y no copia de la demanda enmendada de abril 27 de 1932. La pretensión se descansa en que según los certificados de los márshals se entregó a cada uno de los demandados 'copia fiel y exacta de la demanda.' Las citaciones o emplazamientos en este caso lo constituyen impresos con sus blancos adecuadamente llenados; y el certificado de diligenciamiento del márshal es también una fórmula impresa ·cuyos blancos aparecen llenados. La frase 'copia fiel y exacta de la demanda en el pleito mencionado' aparece impresa.

"Se ha invocado el caso de *Gaudier* vs. *García,* 10 D. P. R. 26, pero no es aplicable al presente. Allí se resolvió que 'la falta de citación de algunos de los demandados para contestar la demanda

impide que la corte adquiera jurisdicción sobre todas las partes del juicio, y vicia de nulidad el procedimiento, y la sentencia que se hu· biere pronunciado en el juicio.' Claramente se refiere el caso a uno en que ha ocurrido la falta de citación de alguno de los demanda- dos. En nuestro caso aparecen citados y notificados todos y cada uno de los demandados.

''El hecho de que los márshals no hayan enmendado o corregido la parte impresa del certificado añadiendo la palabra 'enmendada,' después de la de 'demanda,' no implica, sobre todo en ausencia de prueba en contrario, que la copia de la demanda entregada a. los de- mandados West India Oil Co. y Manuel Ramos Pérez no fuera aquélla en que ellos figuran como demandados, o sea, la demanda enmendada. No debe olvidarse que en la demanda original no fi- guraban estos dos demandados. Ellos nada alegaron en esta corte. La única noticia que se tiene de que ellos no recibieron copia de la demanda enmendada es la sola manifestación de los demandados Toral y Cruz en moción no escrita ni jurada.''

Levantan en su oposición un nuevo punto los apelan- tes y es el de que no habiéndose hecho constar originalmente que la persona que diligenciare el emplazamiento tuviera más de diez y ocho años sin que se enmendara *nunc pro tunc* para hacerlo así constar, el emplazamiento es nulo y en su con- secuencia la corte actuó sin jurisdicción. Invocan lo resuelto por esta Corte Suprema en el caso de *Quintana et al.* v. *Aponte, Juez, y Centeno,* 26 D.P.R. 196.

La cuestión carece de importancia. En el caso invocado dijo esta Corte:

''El emplazamiento no se hizo por el márshal. Esto está admi- tido. Siendo ello así, sólo pudo llevarlo a efecto otra persona que reuniera las condiciones expresamente exigidas por la ley. Una de esas condiciones es la de que tal persona fuera mayor de diez y ocho años. No consta del diligenciado que lo fuera. No se ha solicitado la enmienda de dicho diligenciado *nunc pro tunc* para hacerlo así constar. (Woodward v. Brown, 119 Cal. 299.) Cuando se celebró· la vista de la moción del demandado solicitando la nulidad de la sentencia en la corte municipal, el demandante faltó en comparecer. Y examinada la propia solicitud de *certiorari* se observa que en nin- guna parte de la misma se sostiene que la persona que hizo el em- plazamiento era en realidad de verdad mayor de diez y ocho años.

Bajo tales circunstancias ¿puede sostenerse que la corte adquirió jurisdicción sobre el demandado? Una respuesta negativa se impone, a nuestro juicio."

Y aquí los emplazamientos de los demandados West India Oil Co. y Manuel Ramos, aparecen practicados el primero por: "M. Náter Girona, Márshal, Por Severo Aybar (Fdo) Márshal Auxiliar"—San Juan—y el segundo por "Ramón. Barrios, Márshal, Por (fdo) Francisco Miranda, Márshal Auxiliar"—Bayamón.

No debe perderse de vista que los apelantes son los esposos Toral-Cruz deudores directos del demandante que comparecieron sometiéndose a la jurisdicción de la corte y que los otros demandados lo fueron únicamente a los efectos de la cancelación de los gravámenes que tenían constituídos a su favor sobre la finca hipotecada.

En cuanto a la prueba de la acción, ni siquiera se incluye en la transcripción del récord. Quedó en el juicio y permanece incontrovertida.

*La moción debe declararse con lugar desestimándose en su consecuencia por frívolo el recurso.*